Filed 7/18/17 (unmodified opn. attached)

# CERTIFIED FOR PUBLICATION

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| RAYMOND A. SCHEP, | B269724 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. BC533555) |
| v. | |
| CAPITAL ONE, N.A., | ORDER MODIFYING OPINION AND DENYING REHEARING |
| Defendant and Respondent. | NO CHANGE IN JUDGMENT |

THE COURT:[*]

It is ordered that the opinion filed herein on June 26, 2017, be     modified as follows:

1.     In the last paragraph on page 5 the words "and anticipate" are to be inserted between the words

---

[*]     ASHMANN-GERST, Acting P. J., HOFFSTADT, J., GOODMAN, J.[†]

[†]     Retired judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

"contemplate" and "that," so that the sentence reads:

Section 2924 is part of the article dealing with "Mortgages in General," and two other sections within that article— sections 2924.12 and 2924.19—specifically contemplate and anticipate that a trustee's deed upon sale will be recorded as the capstone of the process of nonjudicial foreclosure.

2. On line 1 of page 6, the following sentence is to be inserted after the sentence ending with "(b).)" and before the sentence beginning with "Our Legislature's purpose in":

That these statutes do not expressly *mandate* that a trustee's deed upon sale be recorded is of no consequence because recording of that deed will occur as a practical matter in every case and, more to the point, the recording of that deed is one of the "procedures set forth in th[e] article."

3. On page 6, at the end of the first paragraph (line 13), add the following sentences:

What is more, that purpose is fulfilled only if the privilege applies with equal force to both the trustee who actually records the trustee's deed upon sale as well as the principal who directs that recording. The statute itself speaks in terms of the "[p]erformance of the procedures" (§ 2924, subd. (d)(2); *Kachlon*, at p. 333), not *who* performs them. (See § 2924, subd. (a)(1)-(6) [authorizing filing of foreclosure notices by a "trustee, mortgagee, or beneficiary, or any of their authorized agents"]; but see *Kachlon*, at pp. 344-345 [not extending privilege to beneficiary that "present[ed] . . . written instructions, [] declar[ed] . . . default, and [] demand[ed] . . . sale"

because those acts were not "procedures set forth in the statutory scheme"].) Because Capital One could not be liable for slander of title based on the recording of the trustee's deed upon sale *unless* T.D. Service was acting as its agent (*Alpers v. Brown* (1882) 60 Cal. 447, 451 ["The act of the agent is the act of the principal"]; *Mesler v. Bragg Management Co.* (1985) 39 Cal.3d 290, 302 ["The principal is held vicariously liable . . . because justice requires that the enterprise be responsible for the risks of conducting its business"]), and because plaintiff so alleges, the privilege attaching to T.D. Service's performance of procedures attaches to Capital One's as well.

There is no change in the judgment.

Appellant's petition for rehearing is denied.

**CERTIFIED FOR PUBLICATION.**

Filed 6/26/17 (unmodified version)

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| RAYMOND A. SCHEP, | B269724 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. BC533555) |
| v. | |
| CAPITAL ONE, N.A., | |
| Defendant and Respondent. | |

APPEAL from a judgment of the Superior Court of Los Angeles County.  Maureen Duffy-Lewis, Judge.  Affirmed.

George E. Omoko for Plaintiff and Appellant.

Doll Amir Eley, Hunter R. Eley and Amy I. Borland for Defendant and Respondent.

\* \* \* \* \* \*

Are a trustee's acts in recording a notice of default, a notice of sale, and a trustee's deed upon sale in the course of a nonjudicial foreclosure privileged under Civil Code section 47?[1] We conclude that they are and that a plaintiff does not state a cause of action for slander of title based on the recording of those documents. Accordingly, we affirm the trial court's order sustaining a demurrer to plaintiff's slander of title claim without leave to amend.

## FACTS AND PROCEDURAL BACKGROUND

### I. Factual Background

#### A. *Original loan and deed of trust*

In April 2007, Raymond A. Schep (plaintiff) borrowed $910,000 from a mortgage company secured by a deed of trust to a home in Beverly Hills (the property). The deed of trust designated Chevy Chase Bank, F.S.B. (Chevy Chase) the trustee and Mortgage Electronic Registration Systems, Inc. (MERS) the beneficiary. In July 2009, Chevy Chase merged with defendant Capital One, N.A. (Capital One), and Capital One became the new trustee to the deed of trust.

#### B. *Arrears and foreclosure*

By October 2009, plaintiff was $29,206.66 behind on his loan payments. In the fall of 2009, MERS named defendant T.D. Service Company (T.D. Service) as the new trustee on the deed of trust, and T.D. Service recorded a "Notice of Default and Election to Sell Under Deed of Trust" (Notice of Default). In April 2010, T.D. Service recorded a Notice of Trustee's Sale. In January 2011, Capital One purchased the property at the foreclosure auction, and T.D. Service recorded the Trustee's Deed Upon Sale.

---

[1] All further statutory references are to the Civil Code unless otherwise indicated.

### *C. Wild deed*

In February 2010, *after* the Notice of Default was recorded and *before* the Notice of Trustee's Sale was recorded, Timothy Fitzgerald (Fitzgerald) of US Banc Trustee TTE, recorded a "Substitution of Trustee and Full Reconveyance." In this document, Fitzgerald inaccurately represented that he was the "Original Beneficiary" of the April 2007 deed of trust and purported to "substitute [himself] as the new Trustee" and to "reconvey, without warranty," the deed of trust to plaintiff.

## II. Procedural Background

In the operative second amended complaint (SAC), plaintiff sued Capital One and T.D. Service for slander of title.[2] Plaintiff based his claim on the "filing . . . of the Notice of Default, of the Notice of Auction Sale, and of the Trustee's Deed Upon Sale." Capital One demurred, arguing that the filing of the three documents underlying the claim was privileged and thus could not form the basis for a slander of title claim; plaintiff opposed the motion.

The trial court sustained the demurrer without leave to amend. The court cited two reasons: (1) the slander of title claim was based entirely on the recording of documents in nonjudicial foreclosure proceedings that are privileged communications; and (2) plaintiff lacked standing to bring the claim because he had no

---

[2] Plaintiff also sued T.D. Service for breach of contractual duties owed under the original deed of trust. The court later sustained a demurrer to that claim and to a slander of title claim against T.D. Service. That dismissal order is the subject of a separate appeal. (See *Schep v. T.D. Service Company* (B276066, app. pending).)

titular or possessory interest in the property.

Plaintiff filed a motion for reconsideration. The trial court denied the motion because it failed to raise new facts or law that would compel reconsideration.

After the court entered judgment, plaintiff filed a timely notice of appeal.

## DISCUSSION

### I. Demurrer

In reviewing a trial court's order sustaining a demurrer without leave to amend, we must ask (1) whether the demurrer was properly sustained, and (2) whether leave to amend was properly denied. The first question requires us to ""'"determine whether the complaint states facts sufficient to constitute a cause of action."'"" (*Centinela Freeman Emergency Medical Associates v. Health Net of California, Inc.* (2016) 1 Cal.5th 994, 1010.) In so doing, we independently "'examine the complaint . . . to determine whether it alleges facts sufficient to state a cause of action.'" (*Lee v. Hanley* (2015) 61 Cal.4th 1225, 1230.) We accept as true "all material facts properly pled" in the operative complaint. (*Winn v. Pioneer Medical Group, Inc.* (2016) 63 Cal.4th 148, 152 (*Winn*); accord, *Blank v. Kirwan* (1985) 39 Cal.3d 311, 318 (*Blank*).) We also accept as true all materials properly "subject to judicial notice," and disregard any allegations in the operative complaint that those judicially noticed facts contradict or negate. (*Evans v. City of Berkeley* (2006) 38 Cal.4th 1, 20 (*Evans*) ["a demurrer assumes the truth of the complaint's properly pleaded allegations, but not of mere contentions or assertions contradicted by judicially noticeable facts"]; *Stanton v. Dumke* (1966) 64 Cal.2d 199, 201-202 [same].) The second question "requires us to decide whether ""there is a reasonable

4

possibility that the defect [in the operative complaint] can be cured by amendment.'"'" (*McClain v. Sav-On Drugs* (2017) 9 Cal.App.5th 684, 695, review granted June 14, 2017, S241471.)

### A. *Was the demurrer properly sustained?*

To state a claim for slander of title, a plaintiff must allege "(1) a publication, (2) which is without privilege or justification," (3) which is false, and (4) which "causes direct and immediate pecuniary loss." (*Manhattan Loft, LLC v. Mercury Liquors, Inc.* (2009) 173 Cal.App.4th 1040, 1050-1051; *La Jolla Group II v. Bruce* (2012) 211 Cal.App.4th 461, 472.)

Plaintiff failed to state a cause of action for slander of title because all of the documents underlying his claim are privileged.

The recording of a notice of sale and notice of default are privileged. Section 2924, subdivision (d)(1), provides that "[t]he mailing, publication, and delivery of notices as required" by section 2924 "constitute privileged communications pursuant to Section 47." (§ 2924, subd. (d)(1).) Section 2924 mandates the recording of both a notice of default (*id.*, subd. (a)(1)), and a notice of sale (*id.*, subd. (a)(3)). Indeed, plaintiff conceded in his SAC that the recording of both of these documents was privileged.

The recording of a trustee's deed upon sale is also privileged. Section 2924, subdivision (d)(2) complements and broadens subdivision (d)(1) by providing that "[p]erformance of the procedures set forth in this article" also "constitute privileged communications pursuant to Section 47." (§ 2924, subd. (d)(2).) Section 2924 is part of the article dealing with "Mortgages in General," and two other sections within that article—sections 2924.12 and 2924.19—specifically contemplate that a trustee's deed upon sale will be recorded as the capstone of the process of nonjudicial foreclosure. (See §§ 2924.12, subds. (a)(1), (b)

5

& 2924.19, subds. (a)(1), (b).)  Our Legislature's purpose in declaring these procedures privileged was "to give trustees some measure of protection from tort liability arising out of the performance of their statutory duties." (*Kachlon v. Markowitz* (2008) 168 Cal.App.4th 316, 340 (*Kachlon*).)  That purpose is fulfilled only if *all* of the procedural steps attendant to a nonjudicial foreclosure are privileged, from the recording of the notice of default and notice of sale through the recording of the trustee's deed upon sale following the foreclosure sale.  (Accord, *Ward v. Pickett* (N.D.Cal. 2013, No. C-13-01735 DMR) 2013 U.S.Dist. Lexis 144129 [recording a trustee's deed upon sale is authorized by statute and therefore privileged under §§ 47 and 2924].)

Plaintiff points to the allegation in his SAC that the privilege does not extend to the recording of a trustee's deed upon sale.  However, this allegation is a legal conclusion that we are to ignore.  (*Winn*, *supra*, 63 Cal.4th at p. 152 [on demurrer, courts may disregard "logical inferences, contentions, or conclusions of fact or law" pled in the operative complaint].)

Of course, section 47 creates two privileges:  (1) an absolute privilege, commonly called the litigation privilege, that applies irrespective of the speaker's motive (§ 47, subd. (b)); and (2) a qualified privilege that "applies only to communications made without malice" (*id.*, subd. (c)).  (*Hagberg v. California Federal Bank* (2004) 32 Cal.4th 350, 360.)  Section 2924, subdivision (d), refers only to "Section 47" without specifying which of the two privileges applies.  The courts have split on this question. (Compare *Kachlon*, *supra*, 168 Cal.App.4th at pp. 335-341 [section 2924 incorporates § 47's qualified privilege] with *Garretson v. Post* (2007) 156 Cal.App.4th 1508, 1517 [section

6

2924 incorporates § 47's absolute privilege].)  We need not take a position on this issue because the publication of documents at issue in this case are privileged even under section 47's narrower qualified privilege.

For the purposes of section 47's qualified privilege, "malice" means that the defendant (1) "'was motivated by hatred or ill will towards the plaintiff,'" or (2) "'lacked reasonable grounds for [its] belief in the truth of the publication and therefore acted in reckless disregard of the plaintiff's rights.'"  (*Sanborn v. Chronicle Pub. Co.* (1976) 18 Cal.3d 406, 413; *Taus v. Loftus* (2007) 40 Cal.4th 683, 721; § 48a, subd. (d)(4) [defining "actual malice" as "hatred or ill will toward the plaintiff"].)

Plaintiff has not alleged that either Capital One or T.D. Service acted with malice in recording any of the three nonjudicial foreclosure documents underlying his slander of title claim.  He has not alleged that either entity acted with hatred or ill will toward him.  Nor has plaintiff explicitly alleged that they lacked reasonable grounds for believing in the truth of the documents they recorded.  Instead, plaintiff alleges that Capital One and T.D. Service were deemed to be constructively aware of his competing claim to title due to his recording of the wild deed.  However, the existence of the wild deed did not defeat the reasonableness of Capital One's or T.D. Service's belief in the legitimacy of the nonjudicial foreclosure proceedings they were pursuing.  We may judicially notice the 2007 deed of trust and subsequent recordings naming T.D. Service as trustee, even if the trial court did not so notice them.  (Evid. Code, §§ 452, subd. (c) [judicial notice of "[o]fficial acts" permitted], 459 [judicial notice by appellate courts permitted]; *Yvanova v. New Century Mortgage Corp.* (2016) 62 Cal.4th 919, 924 & fn. 1 (*Yvanova*)

7

[noting propriety of taking judicial notice of deed of trust, assignment of deed of trust, notice of default, notice of sale, and trustee's deed upon sale].)  These documents establish an unbroken chain of title that make reasonable T.D. Service's belief in the legitimacy of the nonjudicial foreclosure proceedings and Capital One's belief in the legitimacy of the sale that concluded those proceedings.

Plaintiff asserts that it is inappropriate for us to give judicially noticed documents greater weight than the allegations in his operative complaint.  Doing so, he complains, amounts to the resolution of evidentiary questions, which is impermissible on demurrer.  Plaintiff is incorrect.  He is wrong on the law because, as noted above, courts may—and, indeed, must—disregard allegations that are contrary to judicially noticed facts and documents.  (See *Evans*, *supra*, 38 Cal.4th at p. 20.)  More to the point, he is wrong on the facts because our conclusion that judicially noticed documents provided T.D. Service and Capital One a reasonable basis to believe in the viability of the nonjudicial foreclosure proceedings (and the truth of the documents they recorded as part of those proceedings) is not a conclusion that their belief is accurate (or that plaintiff's wild deed is invalid).

For these reasons, the demurrer was properly sustained.[3]

### B.     *Was leave to amend properly denied?*

There is also no "reasonable possibility [that] an amendment . . . would cure the complaint's legal defect." (*Yvanova*, *supra*, 62 Cal.4th at p. 924; accord, *Blank*, *supra*,

---

[3]     Because we resolve the demurrer on this basis, we have no occasion to decide whether plaintiff also lacked standing to prosecute a slander of title claim.

8

39 Cal.3d at p. 318.)  That is because the documents forming the basis for plaintiff's slander of title claim are at least conditionally privileged and the judicially noticed chain of title preceding the recording of those documents definitively establishes the absence of malice.  Plaintiff offers no argument on appeal as to how he could amend the complaint to cure this fatal defect in his slander of title claim.

## II.    Motion for reconsideration

Plaintiff also argues that the trial court erred in denying his motion for reconsideration under Code of Civil Procedure section 1008, subdivision (a).  We review a court's ruling on a motion for reconsideration for an abuse of discretion.  (*New York Times Co. v. Superior Court* (2005) 135 Cal.App.4th 206, 212-213.)  Plaintiff's motion did not raise new factual allegations or demonstrate any change in circumstances or law that would call into question the court's ruling on demurrer.  (Code Civ. Proc, § 1008, subd. (a) [requiring moving party show new or different facts, circumstances, or law and an explanation for not producing the new information at the original hearing]; accord, *Yolo County Dept. of Child Support Services v. Myers* (2016) 248 Cal.App.4th 42, 50.)  There was no abuse of discretion.

## DISPOSITION

The judgment is affirmed.  Capital One is entitled to its costs on appeal.

**<u>CERTIFIED FOR PUBLICATION.</u>**

_____, J.
HOFFSTADT

We concur:

_____, Acting P. J.
ASHMANN-GERST

_____, J.*
GOODMAN

---

*       Retired judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.