NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

OCT 18 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| KRISTINE ANN BISTILINE,<br><br>    Plaintiff-Appellant,<br><br> v.<br><br>JPMORGAN CHASE BANK, N.A., a California Corporation; et al.,<br><br>    Defendants-Appellees. | No.   17-55467<br><br>D.C. No.<br>2:16-cv-04610-MWF-PLA<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Michael W. Fitzgerald, District Judge, Presiding

Submitted October 16, 2019[**]
San Diego, California

Before:  HURWITZ, OWENS, and LEE, Circuit Judges.

Kristine Ann Bistline[1] appeals the district court's judgment dismissing her

claims related to the foreclosure proceeding against her home.  We have jurisdiction

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[1]    Though the caption reads "Kristine Bistiline," the appellant's name is "Kristine Bistline," as indicated by the district court documents.

under 28 U.S.C. § 1291, and we review *de novo* the district court's dismissal under Federal Rule of Civil Procedure 12(b)(6). *See Dougherty v. City of Covina*, 654 F.3d 892, 897 (9th Cir. 2011). We **AFFIRM**.[2]

1.     The district court did not err in concluding that Bistline lacked standing under California law to challenge the validity of assignments of the beneficial interest in her deed of trust in a pre-foreclosure action.

Contrary to Bistline's arguments, the California Supreme Court in *Yvanova v. New Century Mortgage Corp.* expressly limited its holding to post-foreclosure sale situations only. 365 P.3d 845, 848 (Cal. 2016) ("We do not hold or suggest that a borrower may attempt to preempt a threatened nonjudicial foreclosure by a suit questioning the foreclosing party's right to proceed."); *see also id.* at 855 ("disallowing the use of a lawsuit to preempt a nonjudicial foreclosure, is not within the scope of our review, which is limited to a borrower's standing to challenge an assignment in an action seeking remedies for *wrongful foreclosure*" (emphasis in original)).

The California Court of Appeal has refused to extend *Yvanova* to pre-foreclosure cases. *See, e.g., Saterbak v. JPMorgan Chase Bank, N.A.*, 245 Cal. App. 4th 808, 815 (2016). Because "there is no convincing evidence that the state

---

[2]     This disposition does not address claims against Ditech Financial LLC or Ditech's motion for judicial notice. The appeal as to Ditech has been closed for administrative purposes because it has filed for bankruptcy.

supreme court would decide differently, a federal court is obligated to follow the decisions of the state's intermediate appellate courts." *Vestar Dev. II, LLC v. Gen. Dynamics Corp.*, 249 F.3d 958, 960 (9th Cir. 2001) (quoting *Lewis v. Tel. Emps. Credit Union*, 87 F.3d 1537, 1545 (9th Cir. 1996)). [3]

2.      The district court also properly dismissed Bistline's claim for slander of title based on the defendants-appellees' recordations of the beneficial interest assignments.  The recordation of assignments is covered by the litigation privilege in California Civil Code Section 2924(d), which states that "[p]erformance of the procedures set forth in this article" "shall constitute privileged communications pursuant to Section 47."  Although this privilege might not apply if a party acted with malice, *Schep v. Capital One, N.A.*, 12 Cal. App. 5th 1331, 1337 (2017), Bistline did not plausibly allege malice.

3.      Bistline argues that the district court improperly dismissed her complaint without leave to amend because she could have added a claim under the Fair Debt Collection Practices Act.  But Bistline did not raise this issue below, nor did she present new facts or explain why she had failed to include the new claim in her earlier complaints.  The district court therefore did not abuse its discretion in

---

[3]      We need not consider Bistline's argument that California Civil Code Section 2924.17 allows for a pre-foreclosure action because she did not raise the assignments as a basis for a violation of that provision in the district court. *See Baccei v. United States.*, 632 F.3d 1140, 1149 (9th Cir. 2011).

3

dismissing without leave to amend.  *See Westlands Water Dist. v. Firebaugh Canal*, 10 F.3d 667, 677 (9th Cir. 1993).

4.     Finally, Bistline moves the Court to take judicial notice of the fact that a foreclosure allegedly occurred, proffering a letter from her own trial attorney.  We deny the motion.  *See* Fed. R. Evid. 201 (allowing judicial notice of facts that can be determined from sources "whose accuracy cannot reasonably be questioned").  Moreover, the documents do not show beyond a reasonable dispute that a foreclosure occurred.  ECF No. 66 (letter noting that the foreclosure notice "had been 'canceled' by Freddie Mac" and that "if Freddie Mac decides to restart the process you will contact me").

**AFFIRMED.**