Filed 5/26/21  Stewart v. Ocwen Loan Servicing CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Mono)

----

| | |
|---|---|
| KATHLEEN LOUISE STEWART, | C088851 |
| Plaintiff and Appellant, | (Super. Ct. No. CV170059) |
| v. | |
| OCWEN LOAN SERVICING, LLC, et al., | |
| Defendants and Respondents. | |

Plaintiff Kathleen Louise Stewart ("Stewart") appeals from a judgment of dismissal after an order sustaining the demurrer of defendant Ocwen Loan Servicing, LLC, et al. (collectively, "defendants") to her first amended complaint.

In 2002 and 2007, Stewart obtained two loans in the amounts of $540,000 and $487,500, secured by deeds of trust on two properties she owned in Mammoth Lakes, California.  When Stewart fell behind on her payments, defendants commenced nonjudicial foreclosure proceedings.  In 2011 and 2012, Stewart filed lawsuits against

1

certain defendants alleging an assortment of claims related to the origination of the loans and subsequent foreclosure activities. Both lawsuits ultimately were dismissed.

In 2017, Stewart commenced this lawsuit against defendants. According to Stewart, the issue "at the heart of [her] entire complaint" is that the loans on the properties at issue here allegedly were "table funded" in violation of Business and Professions Code section 10234,[1] rendering the deeds of trust void and the subsequent nonjudicial foreclosure proceedings unlawful. The trial court sustained a demurrer to Stewart's first amended complaint without leave to amend, rejecting the claims founded upon the allegedly void deeds of trust.

We will affirm the trial court's judgment.

BACKGROUND FACTS AND PROCEDURE

*Factual allegations and judicially noticed facts*

Stewart is the owner of two properties in Mammoth Lakes, California: one located on Alpine Circle (the "Alpine property"); the other on Mammoth Knolls Drive (the "Knolls property").

In October 2002, Stewart obtained a loan in the amount of $540,000 secured by a deed of trust encumbering the Knolls property. The deed of trust identified Finance America, LLC, as the lender and Mortgage Electronic Registration Systems, Inc. ("MERS"), as the beneficiary, as nominee for the lender.[2]

In February 2007, Stewart obtained a loan in the amount of $487,500 secured by a deed of trust encumbering the Alpine property. The deed of trust identified American Brokers Conduit as the lender and MERS as the beneficiary, as nominee for the lender.

Stewart fell behind on her payments for both loans.

---

[1] Undesignated statutory references are to the Business and Professions Code.

[2] In August 2006, Stewart obtained a $490,000 home equity line of credit (HELOC) secured by a secondary deed of trust against the Knolls property.

2

*The Knolls property*

In October 2010, a notice of default was recorded against the Knolls property. Around the same time, MERS assigned its interest in the Knolls deed of trust to Wells Fargo Bank, N.A. ("Wells Fargo"), as trustee for the registered holders of the Structured Asset Securities Corporation, Amortizing Residential Collateral Trust, Mortgage Pass-through Certificates, Series 2002-BC10. A notice of trustee's sale was recorded on February 18, 2011, and the Knolls property was sold at a trustee's sale on December 27, 2011. A trustee's deed upon sale conveying the Knolls property to Wells Fargo was recorded in January 2012. However, approximately one year later, after a legal dispute, the trustee's deed upon sale and the underlying notice of default were rescinded, conveying title back to Stewart. (Civ. Code, § 1058.5, subd. (b).)

*The Alpine property*

In December 2009, a notice of default was recorded against the Alpine property. A notice of trustee's sale was recorded in March 2010, purporting to set a trustee's sale date for April 2010. On April 5, 2010, Stewart filed for bankruptcy (case No. 10-28741). Shortly thereafter, MERS assigned its interest in the Alpine deed of trust to Deutsche Bank National Trust Company ("Deutsche Bank"), as indenture trustee for American Home Mortgage Investment Trust 2007-1. The assignment was recorded in July 2010.

In August 2010, Stewart received a bankruptcy discharge for certain debts and the matter was closed the following month.[3] In February 2011, a new notice of trustee's sale was recorded for the Alpine property. Within a month, Stewart filed a second bankruptcy petition (case No. 11-25800), but her prior bankruptcy prevented her from obtaining another discharge. The second case was closed in December 2011.

---

[3] Stewart's bankruptcy schedules failed to disclose any claims or potential claims against defendants, and she stated her intention to reaffirm the secured debts.

In August 2014, with no sale having occurred, the 2009 notice of default for the Alpine property was rescinded. In September 2015, a new notice of default was recorded for the Alpine property. In June 2016, a new notice of trustee's sale was recorded.

*Procedural history*

In 2011, Stewart filed a lawsuit against MERS, American Brokers Conduit, Deutsche Bank, and others relating to the origination of the Alpine loan and the subsequent nonjudicial foreclosure proceedings related to that property. In 2014, the trial court dismissed that action with prejudice.

In 2012, Stewart filed a lawsuit relating to the actions taken in 2011 and 2012 to foreclose on the Knolls property. The named defendants included Wells Fargo, Western Progressive, LLC, and Ocwen Loan Servicing, LLC, as the beneficiary, trustee, and loan servicer under the Knolls deed of trust. Stewart's third amended complaint, filed in or about January of 2014, included causes of action for wrongful foreclosure, slander of title, trespass, and intentional infliction of emotional distress. In July 2017, more than five years after initiating the suit, Stewart voluntarily dismissed the action without prejudice.

At about the same time, Stewart filed the instant lawsuit against defendants (and others) alleging improprieties in the execution and enforcement of the deeds of trust for the Knolls and Alpine properties.[4] The trial court sustained, with leave to amend, a

---

[4] In addition to the defendants, Stewart sued certain other parties involved in the origination and enforcement of the secondary deed of trust securing a $490,000 HELOC against the Knolls property (the "HELOC defendants"). The HELOC defendants separately demurred to Stewart's first amended complaint and the trial court sustained their demurrer without leave to amend and issued a separate judgment of dismissal. Stewart appealed only the judgment of dismissal entered on November 21, 2018, pertaining to the defendants; she did not appeal the judgment of dismissal entered on November 9, 2018, pertaining to the HELOC defendants. Accordingly, we agree with defendants that any issues related to the HELOC are beyond the scope of this appeal. (*Filbin v. Fitzgerald* (2012) 211 Cal.App.4th 154, 173; *Sole Energy Co. v. Petrominerals*

4

demurrer to Stewart's original complaint on the ground she lacked standing because the claims belonged to her bankruptcy estate.

Stewart successfully reopened her 2010 bankruptcy case and filed amended bankruptcy schedules listing contingent claims against defendants.

In August 2018, Stewart filed a first amended complaint alleging six causes of action: (1) violation of California's Rosenthal Fair Debt Collection Practices Act (Civ. Code, § 1788 et seq., the "Rosenthal Act"), (2) declaratory relief, (3) cancellation of instruments, (4) slander of title, (5) trespass, and (6) wrongful foreclosure. All of the claims were based, in whole or in part, on the contention that the Knolls and Alpine deeds of trust were void as products of loans funded in violation of section 10234.

Defendants demurred to the FAC. In response to the demurrer, Stewart filed a request for judicial notice, but no opposition brief. The trial court sustained the demurrer without leave to amend and entered a judgment of dismissal in favor of defendants. Stewart appeals that judgment.

DISCUSSION

Stewart contends the trial court erred in sustaining the demurrer to her FAC without leave to amend. She contends the FAC adequately states causes of action for violations of the Rosenthal Act (and its federal counterpart), declaratory relief, trespass, cancellation of instruments, slander of title, and wrongful foreclosure. We are not persuaded.

Our standard when reviewing a challenge to an order sustaining a demurrer is well settled. We review the court's order and determine de novo whether the complaint alleges facts sufficient to state a cause of action. (*Parthemore v. Col* (2013) 221 Cal.App.4th 1372, 1378.) In doing so, we treat the demurrer as admitting all material

---

*Corp.* (2005) 128 Cal.App.4th 212, 239; *Bosetti v. The United States Life Ins. Co. in City of New York* (2009) 175 Cal.App.4th 1208, 1224-1225.)

facts properly pleaded, but do not assume the truth of contentions, deductions, or conclusions of law. (*Ibid.*) We also consider matters which may be judicially noticed. (*Paulsen v. Local No. 856 of Internat. Brotherhood of Teamsters* (2011) 193 Cal.App.4th 823, 826.) We give the complaint a reasonable interpretation, reading it as a whole and its parts in their context. (*Ibid.*) The burden is on the appellant to demonstrate the trial court erred in sustaining the demurrer or abused its discretion in denying leave to amend. (*Coutin v. Lucas* (1990) 220 Cal.App.3d 1016, 1020.)

As noted, all of Stewart's claims are based, in whole or in part, on her contention that the Knolls and Alpine deeds of trust are void as products of illegal "table-funded" loans. " 'Table funding occurs when a transaction is consummated with the debt obligation initially payable by its terms to one person, but another person provides the funds for the transaction at consummation and receives an immediate assignment of the note, loan contract, or other evidence of the debt obligation. [Citation.]' " (*Compass Bank v. Petersen* (C.D.Cal. 2012) 886 F.Supp.2d 1186, 1191, fn. 5.) "In a table-funded loan, the originator closes the loan in its own name, but is acting as an intermediary for the true lender, which assumes the financial risk of the transaction." (*Easter v. Am. West Fin.* (9th Cir. 2004) 381 F.3d 948, 955; see *Akopyan v. Wells Fargo Home Mortgage, Inc.* (2013) 215 Cal.App.4th 120, 152-153.)

In her FAC, Stewart alleges that the Knolls and Alpine loans were unlawfully funded through an undisclosed table-funding scheme. For the Knolls loan, she alleges that Finance America, LLC, was represented to be the lender when, in fact, the loan was funded by Wells Fargo Ventures, LLC. For the Alpine loan, she alleges that American Brokers Conduit was represented to be the lender when, in fact, the loan was funded by American Home Mortgage Ventures, LLC.

Stewart alleges that it is illegal under section 10234 for a broker to record a deed of trust on a table-funded residential loan, and that a deed of trust recorded in violation of section 10234 is void. Stewart alleges the Knolls and Alpine loans were table funded,

6

and therefore the deeds of trust associated with those properties are void and unenforceable. She alleges that defendants nevertheless have falsely claimed the deeds of trust are valid and taken steps to enforce them. As a result, she argues the FAC has stated valid causes of action against defendants for violating the Rosenthal Act, slander of title, wrongful foreclosure, and cancellation of instruments.

Defendants respond that the trial court correctly sustained the demurrer because (1) Stewart has no standing in that her claims remain part of her bankruptcy estate, (2) section 10234 does not apply, does not provide a private right of action, and would not, in any event, invalidate the deeds of trust, and (3) Stewart's claims are barred by the statute of limitations. We agree that the trial court properly sustained the demurrer because Stewart has not stated and cannot state a cause of action based on the alleged violations of section 10234, and because her claims are barred by the statute of limitations.

By its terms, section 10234 requires a real estate broker who negotiates a residential mortgage loan to record before any funds are disbursed, a trust deed naming the lender (or its nominee) as the beneficiary. (§ 10234, subds. (a) & (d).)[5] A violation of section 10234 occurs when a deed of trust is recorded naming the broker as beneficiary if the broker was not the lender.

Here, Stewart alleges the lenders identified in the deeds of trust were brokers, not lenders, because they used "imported funds." However, the brokers were not named as

---

[5]     Section 10234, subdivision (a) provides: "Except as provided in subdivision (d), every real estate licensee who negotiates a loan secured by a trust deed on real property shall cause the trust deed to be recorded, naming as beneficiary the lender or his or her nominee (who shall not be the licensee or the licensee's nominee), with the county recorder of the county in which the real property is located prior to the time that any funds are disbursed, except when the lender has given written authorization for prior release." Subdivision (d) creates an exception for loans secured by commercial property when certain conditions are met. (§ 10234, subd. (d).)

7

the beneficiaries in the deeds of trust. Instead, the deeds of trust named MERS as beneficiary, as nominee for the lenders and any successors and assigns. California courts have upheld the power of MERS, as nominee beneficiary, to assign its interest under a deed of trust. (See *Herrera v. Federal National Mortgage Assn.* (2012) 205 Cal.App.4th 1495, 1501-1506, and cases cited therein, disapproved on other grounds in *Yvanova v. New Century Mortgage Corp.* (2016) 62 Cal.4th 919, 934-935, 939, fn. 13.) Stewart did not address this issue in her appellate brief.

But even if we accept that section 10234 required the deeds of trust to identify the lenders that funded the loans, Stewart does not dispute that she is indebted to the lenders identified in the deeds of trust under the promissory notes. Stewart has not explained how these seemingly inconsistent allegations can be reconciled—how Finance America, LLC, and American Brokers Conduit can be the lenders for purposes of the notes but not for purposes of the deeds of trust. This is fatal to her claims. (*Manti v. Gunari* (1970) 5 Cal.App.3d 442, 449 [while inconsistent theories of recovery are permitted, a pleader "cannot blow hot and cold as to the *facts*"]; see *Vallejo Development Co. v. Beck Development Co.* (1994) 24 Cal.App.4th 929, 946 [court may disregard inconsistent allegations].)

Beyond this, and more fundamentally, Stewart has not cited any authority, and the court is not aware of any, to support her claim that a violation of section 10234 renders the deed of trust void as an illegal contract. The language of the statute does not suggest that violations of the statute will invalidate a deed of trust or provide any remedy to the borrower whatsoever. The context of the statute, located in a part of the Business and Professions Code governing real estate licensing, suggests the statute is regulatory in nature. (§ 10234; see also §§ 10176, 10177; *Milner v. Fox* (1980) 102 Cal.App.3d 567 [review of suspension of broker's license for violating section 10231].) And the legislative history of the statute supports this view. (See Assem. Com. on Banking & Financing, Bill Analysis on Assem. Bill No. 1203 (1997-1998 Reg. Sess.) Jan. 12, 1998.)

8

Federal courts in California addressing this issue repeatedly have concluded that table funding a loan in violation of section 10234 does *not* void the deed of trust. (See, e.g., *Arzamendi v. Wells Fargo Bank, N.A.* (E.D.Cal. Mar. 8, 2018, No. 1:17-cv-01485-LJO-SKO) 2018 WL 1210978, at *4; *Grieves v. MTC Financial Inc.* (N.D.Cal. July 25, 2017, No. 17-CV-01981-LHK) 2017 WL 3142179, at *12, fn. 1; *Marquez v. Select Portfolio Servicing, Inc.* (N.D.Cal. Mar. 16, 2017, No. 16-cv-03012-EMC) 2017 WL 1019820, at *3, affd. (9th Cir. 2018) 738 Fed.Appx. 439; *Palmer v. MTC Financial, Inc.* (E.D.Cal. May 26, 2017, No. 1:17-cv-00043-DAD-SKO) 2017 WL 2311680, at *4; *Forbes v. Bank of America, N.A.* (C.D.Cal. Mar. 14, 2017, No. CV 16-5471-R) 2017 WL 6043082, at *2; see also *Mohanna v. Bank of America, N.A.* (N.D.Cal. May 2, 2016, No. 16-cv-01033-HSG) 2016 WL 1729996, at *5.) Although these decisions are not binding on us, we find them persuasive. (*Allen v. City of Sacramento* (2015) 234 Cal.App.4th 41, 64, fn. 4 [we may cite and rely on unpublished federal decisions as persuasive authority]; *Aguirre v. Amscan Holdings, Inc.* (2015) 234 Cal.App.4th 1290, 1298, fn. 5 [same].)

Because section 10234 provides no authority for voiding the deeds of trust based on the alleged table funding, all of Stewart's claims founded on the deeds of trust being void fail as a matter of law, including Stewart's causes of action for violations of the Rosenthal Act (or its federal equivalent), cancellation of instruments, and wrongful foreclosure, and the core part of her cause of action for slander of title.[6]

In addition to the allegedly void deeds of trust, Stewart's slander of title cause of action also appears to be based on irregularities in the instruments recorded in connection with the 2010 nonjudicial foreclosure proceedings under the Knolls deed of trust. But

---

**6** We reject Stewart's argument that the trial court lacked the power to conclude the allegations of the FAC were insufficient to state a cause of action after reaching a contrary conclusion in response to a prior, separate demurrer. The trial court's ruling on defendants' demurrer was not a reconsideration of its ruling on the prior demurrer. Thus, the trial court was not bound by its prior ruling, and neither are we.

9

these additional allegations do not save the cause of action, for two reasons. First, the statute of limitations for slander of title is three years. (Code Civ. Proc., § 338, subd. (g).) Stewart did not file this suit until July 2017, thus any claims based on instruments recorded in 2010 are time-barred. Slander of title based on the alleged table funding also would be time-barred because Stewart's prior lawsuits demonstrate she had constructive notice of the alleged table funding issue no later than 2012.[7]

Second, to state a claim for slander of title, a plaintiff must allege " '(1) a publication, (2) which is without privilege or justification,' (3) which is false, and (4) which 'causes direct and immediate pecuniary loss.' " (*Schep v. Capital One, N.A.* (2017) 12 Cal.App.5th 1331, 1336.) Stewart cannot allege slander of title based on the instruments recorded in connection with the 2010 nonjudicial foreclosure proceedings because those instruments are privileged communications under Civil Code section 2924, subdivision (d). (*Ibid*.) Although courts are split as to whether this statute creates an absolute or qualified privilege, given our conclusion regarding section 10234, we conclude the publications at issue would be protected even under the narrower qualified privilege.[8] (*Id.* at p. 1337.) Thus, this cause of action fails as a matter of law.

---

[7] At oral argument, counsel for Stewart argued for the first time that the statutes of limitations on these claims were tolled by the filing of Stewart's 2012 lawsuit, which was dismissed "without prejudice" in 2017. In short, Stewart contends that the statute of limitations is tolled when a complaint is filed so that a plaintiff may dismiss the complaint and refile the same action long after the limitations period has expired. That is not the law. Indeed, if this "proposition had any validity, plaintiffs could start and stop an action at will, without regard for the expense, delay, and frustration such conduct would impose on the court and the defendants." (*Thomas v. Gilliland* (2002) 95 Cal.App.4th 427, 433.)

[8] To overcome the qualified privilege, a plaintiff must show the publication either was (1) motivated by hatred or ill will towards the plaintiff, or (2) that the defendant lacked reasonable grounds for belief in the truth of the publication and acted in reckless disregard of the plaintiff's rights. (*Schep v. Capital One, N.A., supra*, 12 Cal.App.5th at pp. 1337-1338; *Kachlon v. Markowitz* (2008) 168 Cal.App.4th 316, 335-336.) Stewart

The trespass and wrongful foreclosure causes of action are also time-barred. Both claims relate to conduct alleged to have occurred in 2011 or 2012. Stewart did not file this action until 2017, several years after the applicable statute of limitations lapsed. (Code Civ. Proc., §§ 338, subds. (a) & (b), 343; *Engstrom v. Kallins* (1996) 49 Cal.App.4th 773, 777, 782, fn. 8; *Walters v. Boosinger* (2016) 2 Cal.App.5th 421, 428-429, 433.)

Stewart argues that the demurrer to her declaratory relief cause of action should have been overruled because she is entitled to a declaration of rights even if it is adverse. As a general rule, it is true that a complaint for declaratory relief is legally sufficient if it sets forth facts showing the existence of an actual controversy relating to the legal rights and duties of the parties. (*Wilson & Wilson v. City Council of Redwood City* (2011) 191 Cal.App.4th 1559, 1582.) However, claims for declaratory relief may be determined on demurrer where the alleged controversy is not justiciable or where the complaint shows a judicial declaration is not " 'necessary or proper' " under the circumstances. (*DeLaura v. Beckett* (2006) 137 Cal.App.4th 542, 545; see *Allen v. City of Sacramento, supra*, 234 Cal.App.4th at pp. 53-54 [demurrer is proper when the plaintiff has not stated sufficient facts to support a statutory claim and the declaratory relief claim is derivative of the statutory claim]; see also *Wilson v. Civil Service Com.* (1964) 224 Cal.App.2d 340, 344 [upholding adverse declaration made in form of judgment sustaining demurrer].)

Further, even when a complaint adequately alleges the existence of an actual, present controversy subject to declaratory relief, judgments sustaining demurrers will be upheld where the issue is purely one of law and the reviewing court agrees with the trial court's resolution of the matter. (*Taxpayers for Improving Public Safety v. Schwarzenegger* (2009) 172 Cal.App.4th 749, 769.) In such cases, the reviewing court's

---

has not alleged the recordings were motivated by hatred or ill will, and any contention that the defendants acted in reckless disregard of her rights is based on the alleged invalidity of the deeds of trust—an argument that we have rejected.

11

opinion will constitute the declaration of rights and duties concerning the matter in controversy. (*Ibid.*)

The controversy at issue here—whether a violation of section 10234 voids the subject deeds of trust—is a question of law, which we have resolved adversely to Stewart. Accordingly, Stewart is not entitled to relief on appeal.

## DISPOSITION

The judgment is affirmed. Defendants shall recover their costs on appeal. (Cal. Rules of Court, rule 8.278(a)(1), (2).)

                                               KRAUSE            , J.

We concur:

      BLEASE           , Acting P. J.

      ROBIE            , J.

12