**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

NOV 7 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DEBBIE ALICE THOMPSON, | No.    23-15785 |
| Plaintiff-Appellant, | D.C. No. 5:22-cv-04308-NC |
| v. | |
| PARNAZ PARTO; et al., | MEMORANDUM[*] |
| Defendants-Appellees, | |
|  and | |
| STATE OF CALIFORNIA, | |
| Defendant. | |

Appeal from the United States District Court
for the Northern District of California
Nathanael M. Cousins, Magistrate Judge, Presiding

Submitted November 5, 2024[**]
San Francisco, California

Before:  GOULD, SUNG, and DE ALBA, Circuit Judges.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Debbie Alice Thompson filed this action asserting federal and state law claims arising from the nonjudicial foreclosure on her home. Thompson appeals pro se from (1) the district court's order dismissing her complaint against Quality Loan Service Corporation and its officer, Kevin McCarthy (collectively, the "Quality Loan Defendants"); (2) the order granting the Wolf Firm, Alan S. Wolf, and Parnaz Parto's (collectively, the "Wolf Defendants") special motion to strike Thompson's claims under California Code of Civil Procedure section 425.16; and (3) the order denying her motion for reconsideration. We have jurisdiction under 28 U.S.C. § 1291. We reverse the order granting the special motion to strike Thompson's claim against the Wolf Defendants for violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692c, and affirm in all other respects.

**Order Dismissing Complaint against the Quality Loan Defendants.**

1.  The district court dismissed Thompson's claims on the grounds that Thompson failed to comply with Rules 8 and 9 of the Federal Rules of Civil Procedure. Thompson fails to show the court erred. She does not discuss the elements of any of her claims, nor explain with reasoned argument how she stated claims for relief or pleaded her fraud claims with sufficient particularity. *See Corbin v. Time Warner Ent.-Advance/Newhouse P'ship*, 821 F.3d 1069, 1075 n.3 (9th Cir. 2016) ("[W]e 'will not ordinarily consider matters on appeal that are not

2

specifically and distinctly argued in appellant's opening brief.'" (quoting *Miller v. Fairchild Indus.*, 797 F.2d 727, 738 (9th Cir.1986))).

2. Regardless, considering the issue de novo, Thompson failed to state claims for violations of 42 U.S.C. § 1983 and the Due Process Clause. "Pursuant to § 1983, a defendant may be liable for violating a plaintiff's constitutional rights only if the defendant committed the alleged deprivation while acting under color of state law." *Rawson v. Recovery Innovations, Inc.*, 975 F.3d 742, 747 (9th Cir. 2020). Thompson did not plead facts showing the defendants were acting under color of law. *See Apao v. Bank of New York*, 324 F.3d 1091, 1095 (9th Cir. 2003) (holding that nonjudicial foreclosure proceedings do not implicate state action for purposes of the Due Process Clause); *Charmicor v. Deaner*, 572 F.2d 694, 696 (9th Cir. 1978) ("[N]onjudicial foreclosure statutes do not involve significant state action.").[1]

3. Thompson also failed to plead any state law claims against the Quality Loan Defendants because California Civil Code section 2924 barred Thompson's claims. Quality Loan was the trustee who noticed and completed the trustee's sale. Under section 2924, "*all* of [a trustee's] procedural steps attendant to a nonjudicial foreclosure are privileged," generally shielding the trustee from tort liability arising

---

[1] For the same reasons, the court did not err in dismissing with prejudice the Section 1983 and Due Process Clause claims against the Wolf Defendants.

out of performance of their statutory duties. *Schlep v. Capital One*, *N.A.*, 12 Cal. App. 5th 1331, 1336 (2017); *accord Kachlon v. Markowitz*, 168 Cal. App. 4th 316, 340 (2008). Because Thompson's claims against the Quality Loan Defendants arise from their conduct during the foreclosure proceedings, section 2924 bars the claims.

4. Thompson's primary contention is that the various transfers of the beneficiary interest in the deed of trust on her residence were "illegal" or "void." Her contention has no bearing on the section 2924 privilege. Under California law, a trustee is not liable for failing "to verify that the beneficiary received a valid assignment of the loan" before initiating foreclosure proceedings. *Citrus El Dorado, LLC v. Chicago Title Co.*, 32 Cal. App. 5th 943, 949 (2019); *accord Heritage Oaks Partners v. First Am. Title Ins. Co.*, 155 Cal. App. 4th 339, 345 (2007).[2]

**Order Granting Wolf Defendants' Anti-SLAPP Motion.**

5. The district court did not err in granting the Wolf Defendants' special motion to strike Thompson's state law claims. "California's anti-SLAPP statute . . . involves a two-step inquiry." *CoreCivic, Inc. v. Candide Grp., LLC*, 46 F.4th

---

[2] Thompson also contends there was no "beneficiary declaration of default" attached to the notice of default that the then-trustee recorded before the Quality Loan Defendants initiated foreclosure proceedings. Thompson does not cite any authority requiring such a declaration. *See* Cal. Civil Code § 2924(a)(1) (setting forth requirements of notice of default).

4

1136, 1140 (9th Cir. 2022) (quoting *Herring Networks, Inc. v. Maddow*, 8 F.4th 1148, 1155 (9th Cir. 2021)).  First, the defendant "must establish that the challenged claim arises from activity protected by section 425.16" of the California Code of Civil Procedure.  *Olson v. Doe*, 502 P.3d 398, 403 (Cal. 2022) (quoting *Baral v. Schnitt*, 376 P.3d 604, 608 (Cal. 2016)).  Thompson alleged the Wolf Defendants, acting as counsel for the purchaser of the residence in the foreclosure sale, posted a notice to quit informing Thompson that the purchaser would initiate legal proceedings if Thompson did not relinquish possession of the residence. Section 425.16 protects "communications preparatory to or in anticipation of the bringing of an action or other official proceeding," including an unlawful detainer action.  *See Feldman v. 1100 Park Lane Assocs., Inc.*, 160 Cal. App. 4th 1467, 1480 (2008).  Therefore, section 425.16 protected the Wolf Defendants' conduct.

6.      "[I]f, as here, the 'anti-SLAPP motion to strike challenges only the legal sufficiency of a claim,'" at the second step of the anti-SLAPP analysis "'a district court should apply the Federal Rule of Civil Procedure 12(b)(6) standard and consider whether a claim is properly stated.'"  *CoreCivic, Inc.*, 46 F.4th at 1140 (quoting *Planned Parenthood Fed'n of Am., Inc. v. Ctr. for Med. Progress*, 890 F.3d 828, 834 (9th Cir. 2018)).  Thompson does not explain on appeal how she pleaded facts sufficient to state claims against the Wolf Defendants.

7.      Moreover, under California law, the litigation privilege shields

defendants from tort liability for statements made "as part of a 'judicial proceeding.'" *Action Apartment Assn. v. City of Santa Monica*, 163 P.3d 89, 102 (Cal. 2007). The privilege applies to service of a notice to quit that is "connected to and logically related to" an anticipated "unlawful detainer action." *Feldman*, 160 Cal. App. 4th at 1488. Therefore, the face of Thompson's complaint failed to overcome the litigation privilege barring her state law tort claims against the Wolf Defendants.

8. However, the district court erred in granting the Wolf Defendants' special motion to strike one of Thompson's claims: her claim for violation of the FDCPA, 15 U.S.C. § 1692c. California's "anti-SLAPP statute does not apply to federal law causes of action." *Hilton v. Hallmark Cards*, 599 F.3d 894, 901 (9th Cir. 2010).

**Order Denying Motion for Reconsideration.**

9. In her motion for reconsideration, Thompson contended that after the foreclosure sale, she received a tax document from a new entity identifying itself as the "lender" on her mortgage. According to Thompson, the entity differed from the purchaser of the residence in the foreclosure sale. The court did not abuse its discretion in denying Thompson's motion. *See Mace v. Skinner*, 34 F.3d 854, 857 (9th Cir. 1994). Even assuming the entities differed, for the reasons discussed, Thompson could not state claims for relief against the Quality Loan Defendants or

6

Wolf Defendants.

For the foregoing reasons, we reverse the order granting the special motion to strike the claim for violation of the FDCPA against the Wolf Defendants and remand to the district court for further proceedings.  We affirm the order granting the special motion to strike all other claims against the Wolf Defendants, the order dismissing the 42 U.S.C. § 1983 and Due Process Clause claims against all defendants, and the judgment in favor of the Quality Loan Defendants.  Each party shall bear its own costs associated with this appeal.

**AFFIRMED in part, REVERSED in part, and REMANDED.**