Filed 5/13/16  Modified and Certified for Pub. 6/10/16 (order attached)

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yolo)

----

| | |
|---|---|
| YOLO COUNTY DEPARTMENT OF CHILD SUPPORT SERVICES, | C075671 |
| Plaintiff and Respondent, | (Super. Ct. No. CVFS890004614) |
| v. | |
| CHARLES JOHN MYERS, | |
| Defendant and Appellant. | |

Charles John Myers appeals from multiple orders arising out of his attempt to set aside a 1989 default judgment establishing his parentage and ordering him to pay child support and retroactive support: (1) an order denying his request to set aside the default judgment and related orders, (2) an order denying his motion for reconsideration of the first order, (3) an order denying his motion to disqualify the commissioner who signed the first and second orders, and (4) an order denying another motion to disqualify the commissioner and a motion for injunctive relief requesting that the court stop the collection of money until the case is resolved. Myers's arguments on appeal are: (1) the orders he appeals from are void due to bias on the part of the commissioner, (2) he was

1

not properly served in the underlying lawsuit because the process server made fraudulent statements in the proof of service and therefore Myers's motion to set aside the default judgment was not time-barred because he has established extrinsic fraud, (3) the judge who signed the default judgment should have been disqualified, and (4) Myers was entitled to avail himself a conclusive presumption under former Evidence Code section 621 that he was not the father of the minor child. We affirm. The rulings on Myers's statutory motions to disqualify the commissioner are not appealable orders. To the extent he raises a due process challenge to the impartiality of the commissioner, we reject it. Further, the trial court did not abuse its discretion in denying his motion to vacate the default judgment because he did not establish any grounds for invoking the court's equitable power to vacate the judgment. Myers did not demonstrate extrinsic fraud, or even that the judgment was void because of invalid substitute service or judicial disqualification. Because we affirm the trial court's denial of Myers's motion to set aside the default judgment, we need not address Myers's remaining contention regarding the applicability of former Evidence Code section 621.

## I. BACKGROUND

On May 1, 1989, the Yolo County Department of Child Support Services (DCSS)[1] filed a summons and complaint to establish paternity, child support, retroactive support and the provision of medical insurance for a minor child against Myers. A few weeks earlier, the United States Postal Service had verified for DCSS that Myers's address was 3335 Vienna Avenue, Carmichael, California (Carmichael address). A process server

---

[1] "Before 2000, a special unit of the district attorney's office of each county in California was charged with the duty to enforce child support orders in the interests of the public." (*County of San Diego v. Gorham* (2010) 186 Cal.App.4th 1215, 1221, fn. 1 (*Gorham*).) In 2000, this responsibility transferred to a new county department of child support services. (Fam. Code, § 17304.) Our reference in this opinion to DCSS, the current responsible entity, also refers to the former Family Support Division of the Yolo County District Attorney's Office.

unsuccessfully attempted to personally serve Myers on May 5 and 6, 1989, at this address. On May 7, 1989, the process server effectuated substitute service on Myers's father at the Carmichael address. Three days later, Myers met with an attorney to discuss whether service was proper.

Myers did not answer the complaint and DCSS obtained a default judgment that was filed on September 7, 1989, signed and ordered by Judge Stevens. Myers did make subsequent appearances in the case. On September 8, 1993, Myers appeared on his own behalf at a hearing on DCSS's motion to modify child support. On November 9, 1998, Myers filed a motion to modify custody, visitation and child support. Myers appeared at the hearing, again on his own behalf.

A.    *Order Denying Myers's Request to Vacate Default Judgment*

On August 21, 2013, Myers filed a request to vacate the default judgment and all related orders, for return of all money collected with interest since September 7, 1989, for compensatory damages, for a letter to clear the debt from his credit report, and for a return of all fees and costs. The matter was heard before Commissioner Umanzio, sitting as judge pro tempe. The trial court denied the request. The court's order denying the request began by noting that Myers agreed to have the matter heard before a commissioner. The court found that Myers had produced insufficient evidence to establish that the original service was defective: "Defendant's statement that he was not living at the service address is self-serving and no evidence was provided to support it." And "even if the service was defective, defendant's subsequent actions have established the court's jurisdiction in this matter and a request to set aside should have been made much sooner than the current request." The trial court also found that Myers was estopped from objecting to service.

The trial court rejected Myers's argument that the default judgment was void because Judge Stevens should have disqualified himself. The court held that, even if Judge Stevens should have disqualified himself, he was still permitted to sign the default

3

judgment pursuant to Code of Civil Procedure section 170.4. The court also found that Myers "was aware of this issue upon receiving a copy of the default judgment and never raised the issue until years later."

B.     *Order Denying Myers's Motion to Reconsider*

On October 2, 2013, Myers filed a motion to reconsider the order denying his request to vacate the default judgment. Myers attached exhibits to support his claim that he lived at a Fair Oaks address, not the Carmichael address, at the time the summons and complaint were served. The trial court denied the motion because it did not specify any new or different facts, circumstances or law as required by Code of Civil Procedure section 1008. The court also reviewed Myers's response to DCSS's motion to modify child support in 1993: "Defendant did appear at that hearing, asked for visitation, said he did not consent to County's request but was willing to pay $309/month. Defendant also asked that the child be given the last name of 'Myers.' Court also noted that in his response, *defendant stated he was served with the County's action*." (Italics added.) The order denying his request for reconsideration was issued by Commissioner Umanzio.

C.     *Order Denying Myers's Request to Disqualify the Commissioner*

On November 12, 2013, Myers filed a motion to disqualify Commisioner Umanzio. Myers argued that Commissioner Umanzio should recuse himself because of the appearance of bias and prejudice. Myers also alleged that the commissioner violated the Code of Judicial Ethics, California trial rules, and the state and federal constitutions without specifying how the violations occurred.

Commissioner Umanzio issued an order denying the motion to disqualify, stating that he disputed all statements in the motion to disqualify and had no bias or prejudice in the matter. Additionally, the commissioner noted he had previously decided contested matters of law and fact and had done so as a commissioner sitting as a temporary judge pursuant to Family Code section 4251.

4

*D. Order Denying Myers's Request for Injunctive Relief and Second Motion to Disqualify the Commissioner*

On November 12, 2013, Myers filed a motion for injunctive relief. He requested that the court restrain DCSS from further collection of money and halt all garnishments until the matter was resolved. Myers also asked the court to restrain DCSS from calling him. At the hearing, Myers made an oral motion to disqualify Commissioner Umanzio pursuant to Code of Civil Procedure sections 170.1 and 170.6. Myers argued that the commissioner had demonstrated bias and had prior knowledge of the case from the 1998 hearings. Myers also asserted that DCSS lacked standing. The court denied the request to disqualify because there were no grounds and the request was untimely. As to the motion for injunctive relief, the court denied it and found DCSS had standing because the mother had previously requested services and DCSS is the proper judgment debtor.

## II. DISCUSSION

*A. Equitable Authority to Vacate Default Judgments*

Myers did not seek relief pursuant to any particular statutory scheme and, on appeal, he relies entirely on *Gorham, supra*, 186 Cal.App.4th 1215 and large excerpts therefrom as the basis for his assertion that the default judgment should have been set aside. He thus invokes the trial court's equitable authority to vacate the default judgment as laid out in *Gorham*.

"Because of the strong public policy in favor of the finality of judgments, equitable relief from a default judgment or order is available only in exceptional circumstances. [Citation] [¶] We review the court's denial of a motion for equitable relief to vacate a default judgment or order for an abuse of discretion, determining whether that decision exceeded the bounds of reason in light of the circumstances before the court. [Citation.] In doing so, we determine whether the trial court's factual findings are supported by substantial evidence [citation] and independently review its statutory

5

interpretations and legal conclusions." (*Gorham, supra,* 186 Cal.App.4th at pp. 1229-1230.)

    1. *Service of Summons and Complaint*

    *Gorham* similarly involved a motion to set aside a default judgment obtained against the defendant almost a decade earlier by the County of San Diego Department of Child Support Services. (*Gorham, supra,* 186 Cal.App.4th at pp. 1221-1222.) The trial court held that Gorham had rebutted the facts stated in the proof of service[2] by demonstrating he was incarcerated at the time the process server declared that Gorham had been personally served with the complaint and summons at a residential address. (*Id.* at p. 1224.) It also found that the proof of service was false and constituted extrinsic fraud. (*Ibid.*) That the proof of service was false and the default judgment was void were not challenged on appeal. (*Id.* at p. 1230.) What was challenged was the trial court's ruling that Gorham's motion to vacate the void judgment was nonetheless untimely. (*Id.* at p. 1224.) In part, the trial court held that any traditional equitable set-aside relief had been statutorily preempted for support orders by Family Code section 3691.[3] (*Ibid.*) The

_____

[2] The filing of a proof of service that shows on its face compliance with the statutory requirements creates a rebuttable presumption of proper service. (Evid. Code, § 647; *Floveyor Internat., Ltd. v. Superior Court* (1997) 59 Cal.App.4th 789, 795.)

[3] Family Code section 3691 provides: "The grounds and time limits for an action or motion to set aside a support order, or any part or parts thereof, are governed by this section and shall be one of the following:" actual fraud, perjury, or lack of notice. A motion based on fraud or perjury must be brought within six months after the defendant discovers or reasonably should have discovered the fraud or perjury. With respect to lack of notice, "When service of a summons has not resulted in notice to a party in time to defend the action for support and a default or default judgment has been entered against him or her in the action, he or she may serve and file a notice of motion to set aside the default and for leave to defend the action. The notice of motion shall be served and filed within a reasonable time, but in no event later than six months after the party obtains or reasonably should have obtained notice (A) of the support order, or (B) that the party's income and assets are subject to attachment pursuant to the order." (Fam. Code, § 3691,

6

appellate court reversed, reasoning that "[w]hen a judgment or order is obtained based on a *false return of service*, the court has the inherent power to set it aside [citation], and a motion brought to do so may be made on such ground even though the statutory period has run" (*id*. at p. 1229, italics added) and "to construe Family Code section 3691 as foreclosing a party from seeking equity where the party's 'jurisdiction' in a paternity/support case filed by a local child support agency has been obtained by a *false proof of service*, which essentially perpetrates a fraud on the court would, we believe, be unfair, against the above intent of the Legislature, and a violation of fundamental due process" (*id*. at p. 1232, italics added).  The court stated that despite the strong public policy favoring finality of judgments and the public's interest in these support cases, "we will not compound the miscarriage of justice in this case created by the lack of fundamental due process stemming from the false proof of service filed by the DCSS that essentially deprived Gorham 'the opportunity to be heard "at a meaningful time and in a meaningful manner." ' " (*Id*. at p. 1234, quoting *Mathews v. Eldridge* (1976) 424 U.S. 319, 333.)  The court held that "under the unique facts of this case, we conclude that once the court determined the default judgment was void as a matter of law based on the lack of personal jurisdiction, it was required to dismiss this action." (*Ibid*.)

Those unique facts were not present here.  Here, the process server declared that he effectuated substitute service on Myers's "father/co-resident."  Myers's argument is that substitute service was improper because he had not lived at the address for a number of years.  Code of Civil Procedure section 415.20 governs substitute service.  It provides, in pertinent part:  "If a copy of the summons and complaint cannot with reasonable diligence be personally delivered to the person to be served, . . . a summons may be

subd. (c)(1).)  Myers does not argue he could satisfy any criteria under Family Code section 3691.  Nor could he.  The record reflects that he received the summons he now disputes in May 1989 and that, on May 10, 1989, he met with an attorney to discuss whether service was proper.

served by leaving a copy of the summons and complaint at the person's dwelling house, usual place of abode, usual place of business, or usual mailing address . . . , in the presence of a competent member of the household or a person apparently in charge of his or her office, place of business, or usual mailing address . . . , at least 18 years of age, who shall be informed of the contents thereof, and by thereafter mailing a copy of the summons and of the complaint by first-class mail, postage prepaid to the person to be served at the place where a copy of the summons and complaint were left." (Code Civ. Proc., § 415.20, subd. (b).) The trial court found that Myers's evidence was insufficient and he had not rebutted the presumption of valid service. The court found that Myers's mere statement that he had not lived at the address for a long time was "self-serving and no evidence was provided to support it." As the trier of fact, the court was entitled to reject even uncontradicted testimony of a witness as long as it did not act arbitrarily and had a rational ground for doing so. (*Beck Development Co. v. Southern Pacific Transportation Co.* (1996) 44 Cal.App.4th 1160, 1204.) Here, Myers's testimony was contradicted by the verification of his address by the United States Postal Service. Thus, we conclude that the trial court's factual findings were supported by substantial evidence.[4]

Regardless, merely demonstrating he did not live at the Carmichael address would not form the basis for equitable relief from a default judgment under *Gorham*. Myers has not established extrinsic fraud and cannot claim that he lacked the opportunity to be heard at a meaningful time and in a meaningful manner. It is undisputed that he had actual

---

[4] Myers contends that mandatory dismissal is required under Code of Civil Procedure sections 583.210 and 583.250. To the extent this is a separate argument, it fails because he has misstated the requirements of these sections. Service was completed well within the three-year statutory period. A proof of service must be filed within 60 days after the time that the summons and complaint must be served, not 60 days after the initiation of the action. (Code Civ. Proc., § 583.210, subd. (b).)

notice of the summons and complaint three days after the disputed substitute service. The trial court did not abuse its discretion in denying Myers's motion to vacate the default judgment.[5]

### 2. *Alleged Disqualification of Judge Stevens*

The trial court also properly rejected Myers's argument that the default judgment was void because the judge who signed it should have recused himself from the case. This argument cannot form the basis for voiding the default judgment—let alone granting equitable relief from the default judgment at this time—because a disqualified judge may "[h]ear and determine purely default matters." (Code Civ. Proc., § 170.4, subd. (a)(3).) On appeal, Myers asserts that this statute violates the Fourteenth Amendment to the United States Constitution and his "right to have an unbiased Judge [] hear the case." We disagree. There was no hearing, and the challenged rule encompasses the fact that in purely default matters the identity of the judge is irrelevant.

### B. *Motion for Reconsideration*

Myers contends on appeal that the trial court improperly refused to admit additional proof regarding his legal address in 1989 that Myers submitted with his request for reconsideration. Code of Civil Procedure section 1008, subdivision (a) provides that, within 10 days after service of the order, a party may make a motion to reconsider "based upon new or different facts, circumstances, or law." "A party seeking reconsideration also must provide a satisfactory explanation for the failure to produce the evidence at an earlier time." (*New York Times Co. v. Superior Court* (2005) 135 Cal.App.4th 206, 212.)

---

[5] This also disposes of his argument under former Evidence Code section 621. Though couched as a standing argument, former Evidence Code section 621, subdivision (a) provides that "[e]xcept as provided in subdivision (b), the issue of a wife cohabiting with her husband, who is not impotent or sterile, is conclusively presumed to be a child of the marriage." Thus, Myers's argument is more properly described as being that he was entitled to avail himself a conclusive presumption that he was not the father. This is not a basis for relief from a default judgment.

9

We review a trial court's ruling on a motion for reconsideration under the abuse of discretion standard. (*Ibid.*)

The trial court found that Myers's motion did not specify any new or different facts, circumstances or law. The documents Myers submitted appear to have been in existence or at least available to him at the time of his original motion. The only document that post-dates that motion is an October 25, 2013, letter from a former employer, Progressive Insurance, stating the address on file for Myers from January 6, 1988, until November 25, 1988, was 4908 Gastman Way #2, Fair Oaks, California. Myers provided no explanation for his failure to produce this evidence earlier. The trial court did not abuse its discretion in denying Myers's motion for reconsideration.

C.      *Motions to Disqualify Commissioner Umanzio*

Myers also contends that the orders he appeals from are void due to bias on the part of the commissioner. The rulings on Myers's statutory motions to disqualify the commissioner are not appealable orders and may be reviewed only by a writ of mandate. (Code Civ. Proc., § 170.3, subd. (d); *People v. Brown* (1993) 6 Cal.4th 322, 335.) To the extent that Myers raises a due process challenge to the impartiality of the commissioner, we reject it. That Myers has disagreed with the commissioner's rulings and the commissioner was appointed by the Yolo County Superior Court does not rise to the level of requiring disqualification.

## III.  DISPOSITION

The orders are affirmed.  DCSS shall recover its costs on appeal.  (Cal. Rules of Court, rule 8.278(a)(1) & (2).)


/S/

_____
RENNER, J.


We concur:


/S/

_____
NICHOLSON, Acting P. J.


/S/

_____
ROBIE, J.

11

CERTIFIED FOR PUBLICATION

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yolo)

----

| | |
|---|---|
| YOLO COUNTY DEPARTMENT OF CHILD SUPPORT SERVICES,<br><br>        Plaintiff and Respondent,<br><br>    v.<br><br>CHARLES JOHN MYERS,<br><br>        Defendant and Appellant. | C075671<br><br>(Super. Ct. No. CVFS890004614)<br><br>ORDER MODIFYING OPINION AND CERTIFYING OPINION FOR PUBLICATION<br><br>[NO CHANGE IN JUDGMENT] |

THE COURT:

It is ordered that the opinion filed herein on May 13, 2016, be modified as follows:

1.      At page 2, in the first partial sentence, insert the word "of" after "himself" so the sentence, commencing on page 1, reads:

> Myers's arguments on appeal are: (1) the orders he appeals from are void due to bias on the part of the commissioner, (2) he was not properly served in the underlying lawsuit because the process server made fraudulent statements in the proof of service and therefore Myers's motion to set aside the default judgment

1

was not time-barred because he has established extrinsic fraud, (3) the judge who signed the default judgment should have been disqualified, and (4) Myers was entitled to avail himself of a conclusive presumption under former Evidence Code section 621 that he was not the father of the minor child.

2.      At page 3, in the second sentence of the second full paragraph, replace "tempe" with "tem" so the sentence reads:

The matter was heard before Commissioner Umanzio, sitting as judge pro tem.

3.      At page 5, at the end of the last sentence in the first paragraph, delete "DCSS" and insert "Myers" in its place so the sentence reads:

As to the motion for injunctive relief, the court denied it and found DCSS had standing because the mother had previously requested services and Myers is the proper judgment debtor.

4.      At pages 8 and 9, delete all but footnote 5 of the paragraph that begins, "Regardless . . . :" and replace it with:

Regardless, merely demonstrating he did not live at the Carmichael address would not form the basis for equitable relief from a default judgment under *Gorham*. Myers has not established extrinsic fraud.  It is also undisputed that he had actual notice of the summons and complaint three days after the disputed substitute service.  Given these facts, the trial court did not abuse its discretion in denying Myers's motion to vacate the default judgment.

5.      At page 9, in the third sentence of footnote 5, insert the word "of" after "himself" so that the sentence reads:

Thus, Myers's argument is more properly described as being that he was entitled to avail himself of a conclusive presumption that he was not the father.

There is no change in the judgment.

The opinion in the above-titled matter filed on May 13, 2016, was not certified for publication in the official reports. For good cause it appears now that the opinion should be published in the official Reports and it is so ordered.

## EDITORIAL LISTING

APPEAL from a judgment of the Superior Court of Yolo County, Dennis A. Umanzio, Commissioner. Affirmed.

Charles John Myers, in pro. per., for Defendant and Respondent.

Kamala D. Harris, Attorney General, Julie Weng-Gutierrez, Assistant Attorney General, Linda M. Gonzalez and Catherine A. Ongiri, Deputy Attorneys General, for Plaintiff and Respondent.

BY THE COURT:

/S/

———————————————

NICHOLSON, Acting P. J.

/S/

———————————————

ROBIE, J.

/S/

———————————————

RENNER, J.

3