Filed 10/5/21  Mora v. Romo CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| JACKLYN MORA,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>MIGUEL ROMO,<br><br>Defendant and Appellant. | F080576<br><br>(Super. Ct. No. BCV-19-103231)<br><br>**OPINION** |

### THE COURT[*]

APPEAL from an order of the Superior Court of Kern County.  Linda S. Etienne, Commissioner.

Law Offices of Roger Lampkin and Roger Lampkin for Defendant and Appellant.

Borton Petrini and Michael J. Stump for Plaintiff and Respondent.

-ooOoo-

Appellant Miguel Romo appeals from the Superior Court of Kern County's December 11, 2019 issuance of a restraining order against him pursuant to Code of Civil Procedure,[1] section 527.6 upon the petition of respondent Jacklyn Mora.  Romo urges us to construe Mora's petition as a motion for reconsideration under section 1008 and

---

[*] Before Detjen, Acting P. J., Snauffer, J. and DeSantos, J.

[1] All statutory references are to the Code of Civil Procedure.

alleges that the trial court inappropriately considered Mora's ex parte communication. We find that Romo fails to meet his burden to show reversible error. We affirm.

## FACTS

Romo was once Mora's manager at a company. Romo's alleged inappropriate and threatening behavior toward Mora and her family resulted in Mora filing a Request for Civil Harassment Restraining Order against Romo on July 22, 2019.[2] Mora's petition details Romo's harassing behavior toward Mora, over the course of six months, on social media, through text messaging, in person, and in numerous phone calls. On November 7, the parties entered a "no contact" agreement, which allegedly required Romo to remain 100 yards from Mora, her family, her home, and her vehicles and to refrain from contacting Mora until July 20, 2020. However, in its minute order, the trial court noted that the agreement was not entered into evidence.

Sometime following November 7, Romo allegedly left a harassing note on a truck owned by Mora's husband parked outside her children's school, which Mora took as a violation of the "no contact" agreement. She then filed another Request for Civil Harassment Restraining Order on November 15. On December 5, the trial court conducted a hearing on the petition, reviewed evidence, and heard from witnesses. Romo did not provide a reporter's transcript or equivalent on appeal. Consequently, we are unable to fully determine what occurred at the hearing.

The trial court found in Mora's favor, issuing the restraining order from which Romo now appeals. Our only indication of the trial court's findings is its detailed December 6 minute order. After sifting through the evidence, the trial court determined that evidence of calls made on November 8 and Mora's claims that she observed Romo's vehicle on November 21 and 22 and the following week constituted clear and convincing evidence sufficient to establish stalking.

---

[2] References to dates are to dates in 2019 unless otherwise stated.

2.

## STANDARD OF REVIEW

Romo rightly states that "[w]e review the trial court's decision to grant the restraining order for substantial evidence." (*Harris v. Stampolis* (2016) 248 Cal.App.4th 484, 497 (*Harris*).) " 'The appropriate test on appeal is whether the findings (express and implied) that support the trial court's entry of the restraining order are justified by substantial evidence in the record. [Citation.] But whether the facts, when construed most favorably in [petitioner's] favor, are legally sufficient to constitute civil harassment under section 527.6, and whether the restraining order passes constitutional muster, are questions of law subject to de novo review.' " (*Harris, supra,* at p. 497.) We review the trial court's ruling on a motion for reconsideration under the abuse of discretion standard. (*Yolo County Dept. of Child Support Services v. Myers* (2016) 248 Cal.App.4th 42, 50 (*Yolo*).)

## DISCUSSION

Romo raises two arguments on appeal. First, Romo contends the action in this case was, "in effect," a motion for reconsideration of the November 7 stipulated judgment, and Mora thereby failed to show "new or different facts, circumstances, or law" required by section 1008, subdivision (a), for a motion for reconsideration. Romo thus urges us to review the trial court's decision for abuse of discretion. (*Yolo*, *supra*, 248 Cal.App.4th at p. 50.) Second, Romo alleges that the trial court inappropriately considered an ex parte communication by Mora. We disagree and affirm.

Romo's failure to provide any citation to authority or reasoned argument that Mora's action was "in effect" a motion for reconsideration constitutes forfeiture of that issue. (*Benach v. County of Los Angeles* (2007) 149 Cal.App.4th 836, 852) ["When an appellant fails to raise a point, or asserts it but fails to support it with reasoned argument and citations to authority, we treat the point as waived."].) We have no basis for construing Mora's action as a motion for reconsideration instead of what it explicitly purports to be: a Request for Civil Harassment Restraining Order.

3.

Were we to engage in such judicial alchemy, we think it more likely that Mora's action would be transformed into a motion for modification of the prior restraining order found under the civil harassment restraining order statute. (See § 527.6, subd. (j)(1).) According to our court's recent decision in *Yost v. Forestiere* (2020) 51 Cal.App.5th 509, the trial court has discretion to modify prior restraining orders, which the trial court may have done in this case. (*Id.* at pp. 522—523.) While we do not decide whether this occurred, this creative exercise illustrates that Romo's conclusion is not enough, absent reasoned argument and citations to authority, to persuade us to follow Romo to section 1008 when a more plausible argument exists under section 527.6.

However, even assuming for the sake of argument that Mora "in effect" filed a motion for reconsideration, Romo's failure to provide a reporter's transcript or substantial equivalent is fatal. Under either a substantial evidence or abuse of discretion standard of review, a reporter's transcript, or equivalent, is usually "indispensable." (*Southern California Gas Co. v. Flannery* (2016) 5 Cal.App.5th 476, 483; *Drulias v. 1st Century Bancshares, Inc*. (2018) 30 Cal.App.5th 696, 704 [review for abuse of discretion and substantial evidence is similar in practice.].) Without a reporter's transcript, an agreed statement, or a settled statement, we conclusively presume that the evidence supports the trial court's findings. (*Nielsen v. Gibson* (2009) 178 Cal.App.4th 318, 324.) With nothing to rebut this presumption and no ability to conduct a review for substantial evidence or abuse of discretion, we presume the trial court's order was correct, whether or not Mora brought a motion for reconsideration. (*Gonzalez v. Rebollo* (2014) 226 Cal.App.4th 969, 977; *Foust v. San Jose Construction Co., Inc.* (2011) 198 Cal.App.4th 181, 186–187.)

As for his second argument, we disregard Romo's factual contention that the court inappropriately considered an ex parte communication because Romo provided no supporting citation to the record. (*Tanguilig v. Valdez* (2019) 36 Cal.App.5th 514, 520) ["[W]e may disregard factual contentions that are not supported by citations to the

4.

record."]; *Cahill v. San Diego Gas & Elec. Co.* (2011) 194 Cal.App.4th 939, 956.) There is nothing identified in the record to indicate that the trial court reviewed the communication or that it was a basis for the court's decision.

In sum, Romo fails to meet his burden to show reversible error. (*Jameson v. Desta* (2018) 5 Cal.5th 594, 608—609.) We affirm.

## DISPOSITION

The trial court's order is affirmed. Mora is awarded her costs on appeal.