Filed 5/21/24  Hartman v. Hartman CA1/4

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| ELENA HARTMAN,<br><br>        Plaintiff,<br><br>v.<br><br>MICHAEL HARTMAN,<br><br>        Defendant and Respondent;<br><br>ANDREI MELNICHENKO,<br><br>        Appellant. | A168024<br><br>(San Mateo County<br>Super. Ct. No. 19FAM02147) |

Andrei Melnichenko appeals an order imposing $12,866 in sanctions payable to Michael Hartman for failing to respond to a subpoena for documents in the underlying divorce proceedings involving Hartman and Melnichenko's sister, Elena Hartman.  His primary contention on appeal is that there is no evidence to support the court's finding that he was properly served with the subpoena and that therefore, the court abused its discretion by imposing sanctions because his failure to comply was justified given the lack of service.  He also asserts that the subpoena itself was invalid and that the amount of the sanctions is excessive.  Because Michael Hartman has not appeared in these appellate proceedings, we decide the appeal on the opening brief and the record, bearing in mind that Melnichenko retains the affirmative burden to show error, which he has not done.  (*Smith v. Smith*

(2012) 208 Cal.App.4th 1074, 1078; Cal. Rules of Court,[1] rule 8.220(a)(2).) Accordingly, we affirm the sanctions order.

## BACKGROUND

On September 8, 2022, Hartman filed a motion to compel Melnichenko's compliance with a deposition subpoena for production of business records (subpoena) and for sanctions. A declaration attached to the motion states that the subpoena was served on Melnichenko twice, first at Melnichenko's request by email on March 14, 2022, and the second time by personal service on July 10.

On January 20, 2023, Melnichenko filed a declaration in opposition to the motion to compel asserting that he had not been served with the subpoena prior to December 26, 2022, when it was served along with the motion to compel.

Following a hearing on January 31, 2023, the trial court granted the motion to compel and ordered Melnichenko to pay Hartman's attorney fees and costs as sanctions based on Melnichenko's willful failure to comply with the subpoena. A written order was entered and served on April 14, 2023, after which Melnichenko timely filed a notice of appeal.

## DISCUSSION

The trial court ordered Melnichenko to pay $12,866.70 in sanctions pursuant to Code of Civil Procedure[2] sections 2025.480, subdivision (j) and 2023.030, subdivision (a). Section 2025.480, subdivision (j), provides that a trial court shall impose monetary sanctions "against any party, person, or attorney who unsuccessfully makes or opposes a motion to compel an answer

---

[1] All rule references are to the California Rules of Court.

[2] All statutory references are to the Code of Civil Procedure unless otherwise noted.

or production, unless it finds that the one subject to the sanction acted with substantial justification or that other circumstances make the imposition of the sanction unjust." Similarly, section 2023.030, subdivision (a), provides that a trial court shall order that "one engaging in the misuse of the discovery process . . . pay the reasonable expenses, including attorney's fees, incurred by anyone as a result of that conduct . . . unless it finds that the one subject to the sanction acted with substantial justification or that other circumstances make the imposition of the sanction unjust." At the hearing on January 31, the trial court found that "there is credible evidence that Mr. Melnichenko was properly served with a lawful subpoena for records . . . and that he willfully failed to comply with a subpoena for production of records without good cause, that such failure in the response caused the respondent to incur additional attorney's fees and costs, and that Respondent made reasonable and good faith efforts to resolve these issues informally . . . ."

Melnichenko contends there is no substantial evidence in the record to support the trial court's finding that he was served with the subpoena. We review the trial court's factual findings for substantial evidence. (*Stafford v. Mach* (1998) 64 Cal.App.4th 1174, 1182.) Substantial evidence is evidence " 'of ponderable legal significance, . . . reasonable in nature, credible, and of solid value.' " (*Bowers v. Bernards* (1984) 150 Cal.App.3d 870, 873, italics omitted.) If there is substantial evidence to support the trial court's finding, the order will not be disturbed even if there is also evidence supporting a contrary finding. (*Id.* at pp. 873–874.) Filing a proof of service that shows on its face compliance with the statutory requirements creates a rebuttable presumption of proper service. (Evid. Code, § 647; *Yolo County Dept. of Child Support Services v. Myers* (2016) 248 Cal.App.4th 42, 47, fn. 2.)

3

Here, the proof of service attached as an exhibit to the motion to compel indicates that Melnichenko was personally served with the subpoena on July 10, 2022. In addition, the process server's declaration, which was also attached to the motion to compel, confirms personal service.[3] The declaration explains that the process server identified Melnichenko "with the help of pictures and a physical witness pointing him out" and from approximately one foot away, served the documents and "notified him of the nature of the documents." The declaration also states that he spoke with Melnichenko by phone on August 31, 2023, and while Melnichenko initially denied having been served, he later admitted that he left the "white piece of paper" he had been handed at the service location.

On appeal, Melnichenko contends this evidence is inadequate because the process server failed to confirm his identity with him at the time of service and because Melnichenko is several inches taller and 50 pounds heavier than the person described on the proof of service.[4] He asserts that the process server "served the wrong person." Initially, we note that none of Melnichenko's arguments on appeal challenge the statement in the process server's declaration that during their conversation on August 31,

---

[3] The process server's declaration, although designated by Melnichenko, was not included in the record. Rather than correcting the record (Cal. Rules of Court, rule 8.155), Melnichenko attached an unfiled copy of the declaration as an exhibit to his opening brief. While his failure to correct the record might have resulted in the issue being waived, in the interests of justice we consider the declaration, to which both parties referred in the trial court, and resolve the matter on the merits. (See *McLaughlin v. Walnut Properties, Inc.* (2004) 119 Cal.App.4th 293, 299, fn. 6 [noting that appellant's failure to correct clerk's transcript may result in issue being deemed waived but issue would be considered on the merits where omitted order was attached as an exhibit to appellate brief].)

[4] The proof of service describes the person served as "White, Male, 45 Years Old, Brown Hair, 5 Feet, 9 Inches, 175 Pounds."

Melnichenko acknowledged that he was handed a piece of paper by someone at the park on July 10.  Based on this admission, we could find that the trial court reasonably rejected Melnichenko's claim that he was not served.  Nonetheless, we briefly consider the arguments Melnichenko has raised on appeal.

Melnichenko has not cited any authority supporting his claim that the process server was required to verbally confirm his identity to effect personal service.  Under section 684.220, subdivision (b), proof of personal service "may be made by affidavit of the person making the service showing the time, place, and manner of service and the facts showing that the service was made in accordance with the applicable statutory provisions.  The affidavit shall recite or in other manner show the name of the person to whom the papers served were delivered and, if appropriate, the title of the person or the capacity in which the person was served."  The proof of service complies with these requirements and the process server's declaration further indicates that the process server identified Melnichenko based on his appearance and confirmed his identity with a witness who was with Melnichenko at the park.  That is sufficient.  While Melnichenko asserted in his declaration opposing the motion to compel that the physical description in the proof of service is inconsistent with his actual weight and height, the alleged difference is not so significant as to establish that the process server necessarily served the wrong person.  (Cf. *American Express Centurion Bank v. Zara* (2011) 199 Cal.App.4th 383, 388, 390 [presumption under proof of service rebutted by evidence that description of person served in affidavit (Asian male with black hair) did not fit defendant (not Asian with light brown or gray hair)].)  In any event, given his admission when he spoke to the process server on

August 31, the record amply supports the finding that Melnichenko was the man served on July 10.

Melnichenko also argues that there is no evidence that he was the custodian of records for the documents sought and that any purported service on July 10 was inadequate because the process server did not tender witness fees under section 2020.230, subdivision (b). These arguments were not raised in the trial court. Having received a subpoena that did not comply with section 2020.230, subdivision (b), Melnichenko could have made a motion to quash the subpoena under section 1987.1, or alternatively he could have refused to comply and presented his excuse in opposition to the motion to compel. (See *Board of Registered Nursing v. Superior Court* (2021) 59 Cal.App.5th 1011, 1033 ["Upon receipt of the subpoena, a nonparty must make the production on the date and in the manner specified, unless grounds exist to object or disregard the subpoena"].) He did neither. Accordingly, he has forfeited these arguments on appeal. (*Premier Medical Management Systems, Inc. v. California Ins. Guarantee Assn.* (2008) 163 Cal.App.4th 550, 564 [" ' " '[I]t is fundamental that a reviewing court will ordinarily not consider claims made for the first time on appeal which could have been but were not presented to the trial court' " ' "]; *Newton v. Clemons* (2003) 110 Cal.App.4th 1, 11 [reviewing court will " 'ignore arguments . . . not presented and litigated in the trial court' "].)[5]

---

[5] Because Melnichenko does not acknowledge that these arguments are being presented for the first time on appeal, he does not contend that grounds exist for consideration of his arguments by this court in the first instance. Accordingly, any such argument also has been forfeited. (See *Allen v. City of Sacramento* (2015) 234 Cal.App.4th 41, 56 [court will not consider contention not raised in opening brief].) At oral argument, counsel reiterated his contention that service of the subpoena was invalid because there is no

Accordingly, substantial evidence supports the trial court's finding that Melnichenko was properly served with the subpoena on July 10. Insofar as Melnichenko offered no explanation for his failure to comply with the subpoena in a timely manner other than the rejected claim that he had not been served, the trial court reasonably concluded that he failed to comply with the subpoena without good cause.

Melnichenko's remaining arguments challenging the sanction order fare no better. First, he argues summarily that the order must be reversed because the motion was not supported "by reference to statute or authority." Again, however, Melnichenko forfeited the argument by failing to assert it in the trial court. Melnichenko also argues that the award must be reversed because the trial court "indiscriminately awarded Respondent 100% of his asserted costs without a full and fair discussion of the propriety of doing so." Melnichenko concedes that Hartman "cataloged his expenses" in connection with his motion, but faults him for failing to discuss "less expensive alternatives or the necessity of the actions taken." At the hearing, Melnichenko's counsel argued that Hartman paid for "16 and 18 hours of

---

evidence that Melnichenko was the custodian of records for the documents sought, but he again failed to demonstrate that this objection had been made in the trial court at the time of the ruling. Melnichenko first contended that he was not the custodian of records in a declaration filed on May 30, 2023, in response to a further motion to compel and after the court had issued the sanctions order that is the subject of this appeal. Moreover, his claim in that declaration was simply that he was not the custodian of records created by Venmo or his sister's bank for the purpose of providing an affidavit under Evidence Code section 1561. Finally, contrary to counsel's contention at oral argument that the proof of service failed to indicate that the subpoena had been served on Melnichenko in his capacity as the custodian of records, it in fact identified the party served as "Andrei Melnichenko/Custodian of Records."

private investigation" to locate Melnichenko when he could have sent a special interrogatory to Ms. Hartman asking her where Melnichenko lived. Hartman's counsel rejected the suggestion that the fees requested were excessive or unreasonable. He explained that he discussed his inability to serve the motion to compel on Melnichenko with Elena Hartman at a status conference but that he was not provided with an updated address for her brother so that hiring an investigator was reasonable and necessary. On this record, we cannot conclude that the court abused its discretion in setting the amount of sanctions.

## DISPOSITION

The order awarding sanctions is affirmed.

GOLDMAN, J.

WE CONCUR:

BROWN, P. J.
HITE, J. *

---

* Judge of the Superior Court of the City and County of San Francisco, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.