Filed 12/15/25  Moon v. Na CA2/7

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| KAP SOON MOON, | B343381 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. 19STCV08038) |
| v. | |
| SUNG JOO NA et al., | |
| Defendants and Appellants. | |

APPEAL from an order of the Superior Court of Los Angeles County, Daniel S. Murphy, Judge.  Affirmed.

Law Offices of Jane Chung, Jane G. Chung and Eric S. Chung; Law Offices of James B. Kropff and James B. Kropff for Defendant and Appellant Jongju Na.

Sung Joo Na and Kyonga Nam, in pro. per., for Defendants and Appellants.

Law Office of Andrew E. Smyth and Andrew Smyth for Plaintiff and Respondent Kap Soon Moon.

# INTRODUCTION

The parties to this action and their assignees have filed at least four lawsuits against each other, all pretty much about the same thing: a $100,000 investment by Kap Soon Moon in a company called Leading Town SDUS, Inc., with which Kyonga Nam, Sung Joo Na, and Jongju Na were somehow affiliated. (See *Lim v. Moon* (Aug. 12, 2022, B314481) [nonpub. opn.]; Super. Ct. L.A. County Nos. 19STCV08038 (Moon v. Na, et al.), 19STCV14007 (Lim v. Moon), 22STCV12566 (Lim v. Moon).) In this case (19STCV08038) Moon obtained a $400,435 default judgment against Nam and the Nas. In another case, Nam's assignee obtained a $27,000 judgment against Moon. The litigation appears to be continuing apace.

In this appeal Jongju Na (but not Nam or Sung Joo Na) argues the default judgment against him is void because the proof of service of the summons and complaint shows he was not properly served. Moon served the complaint on Jongju Na by personally serving Sung Joo Na, who said, according to the process server, he was "authorized to receive service for Jongju Na as part of Leading Town." The trial court denied a motion by Jongju Na (and the other two defendants) to set aside the default judgment. All three defendants appealed. We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

A.  *Moon Sues for Breach of Contract and Obtains a Default Judgment*

Moon filed this action in March 2019 against Leading Town and the three individual defendants for breach of contract,

promissory estoppel, false pretenses, and fraud. Moon alleged that in November 2018 he agreed to invest $100,000 in Leading Town, in exchange for a 55 percent interest in the company and the right to hire a manager and an assistant manager. Moon alleged that Nam and the Nas "openly repudiated the agreement but only after accepting approximately $100,000.00 in cash and vendor contract from [Moon] for the company. Acting as the alter ego for Leading Town, [Nam and the Nas] arranged for others to make the rent payment, stating there never was any agreement between the parties and making no effort to recompense" Moon. Moon also alleged Nam and the Nas fired the manager and assistant manager and "never disclosed recordkeeping or finances to" Moon.

Moon served Leading Town, Nam, and the Nas with the summons and complaint. Moon served Leading Town by personally serving Sung Joo Na (who told the process server he was authorized to receive service for Leading Town),[1] served Sung Joo Na by personally serving him, served Kyonga Nam by personally serving Sung Joo Na (who said he was authorized to receive service for Kyonga), and served Jongju Na (the defendant at issue in this appeal) by serving Sung Joo Na (who said he was also authorized to receive service for Jongju Na). None of the defendants responded to the complaint, and on April 11, 2019 the trial court entered their defaults. On November 26, 2019 the trial court entered a default judgment in favor of Moon and

---

[1]     Sung Joo Na is the registered agent for service of process for Leading Town. The address on file with the Secretary of State for Sung Joo Na is the business address of Leading Town.

against Leading Town, Nam, and the Nas in the amount of $400,435.

B. *The Trial Court Denies a Motion by Nam and the Nas To Set Aside the Default Judgment*

In July 2024 and (after the trial court denied the first motion without prejudice) again in September 2024, almost five years later, Nam and the Nas filed a motion to set aside the default judgment. They argued and stated in substantially identical declarations that they were never served with any documents in this action and that they only learned about the case in the course of litigating one of the other cases involving the same parties (22STCV12566). They argued that, because the proofs of service were defective, the default judgment was void on its face. They attached, among other things, the four proofs of service of the summons and complaint in this action (including the one for Jongju Na that states Sung Joo Na, while sitting in his "white automobile," told the process server he "was authorized to receive service for Jongju Na as part of Leading Town"), a copy of this court's opinion in *Lim v. Moon*, *supra*, B314481, and a proposed answer.[2] They did not argue (or state in their declarations) Sung Joo Na was not authorized to accept service on behalf of the other defendants.

Moon opposed the motion, arguing that it was untimely and that the judgment was not void on its face. Moon asserted each defendant was properly served with the summons and complaint,

---

[2] Nam and the Nas also asked the court to set aside the default judgment under its "inherent equitable power." They do not pursue that argument on appeal.

4

"as evidenced by the proofs of service." Moon also argued the three defendants improperly relied on extrinsic evidence (i.e., their declarations) to show the judgment was void on its face.

The trial court denied the motion to set aside the default judgment. The court ruled "the proofs of service executed by a registered process server demonstrate service on the Defendants." The court concluded "there is no defect on the face of the record. Again, the proofs of service facially demonstrate proper personal service on each defendant. Defendants have not presented evidence sufficiently rebutting the presumption of valid service." Nam and the Nas timely appealed.[3]

## DISCUSSION

Jongju Na (and only Jongju Na) argues the trial court erred in denying his motion to vacate the default judgment under Code of Civil Procedure section 473, subdivision (d),[4] because "the proof of service on Jongju is defective on its face," and therefore the judgment against him is void on its face. He contends that "Moon relied on the statement recorded by the process server—namely,

---

[3] An order denying a motion to vacate a judgment under Code of Civil Procedure section 473 is appealable. (*Jackson v. Kaiser Foundation Hospitals, Inc.* (2019) 32 Cal.App.5th 166, 171; *Doppes v. Bentley Motors, Inc.* (2009) 174 Cal.App.4th 1004, 1009.) Nam and the Nas purport to appeal from the default judgment, which the court entered in November 2019, but the time to appeal from the judgment has long since expired.

[4] Undesignated statutory references are to the Code of Civil Procedure.

that Sung Joo Na said he was authorized to accept service on Jongju's behalf"—and that "[n]o other basis for service was offered." Jongju Na cites *Dill v. Berquist Construction Co.* (1994) 24 Cal.App.4th 1426, where the court held a person's extrajudicial statement he or she is someone else's agent is not admissible to prove the person is an agent, unless the principal is present for, or learns of, the statement of agency and acquiesces to it. (*Id.* at p. 1437.)

### A. *Applicable Law and Standard of Review*

"Section 473, subdivision (d), provides a trial court 'may, on motion of either party after notice to the other party, set aside any void judgment or order.'" (*Pittman v. Beck Park Apartments Ltd.* (2018) 20 Cal.App.5th 1009, 1020; see *W. Bradley Electric, Inc. v. Mitchell Engineering* (2024) 100 Cal.App.5th 1, 12.) A judgment is void if the trial court lacked jurisdiction in a fundamental sense, such as where it lacked subject matter jurisdiction or lacked personal jurisdiction over the defendant. (*Kabran v. Sharp Memorial Hospital* (2017) 2 Cal.5th 330, 339; *People v. American Contractors Indemnity Co.* (2004) 33 Cal.4th 653, 660; *W. Bradley*, at p. 13.) "When a court has fundamental jurisdiction, but acts in excess of its jurisdiction, its act or judgment is merely voidable." (*American Contractors*, at p. 661; see *Schrage v. Schrage* (2021) 69 Cal.App.5th 126, 138; *People v. The North River Ins. Co.* (2020) 48 Cal.App.5th 226, 233-234.)

"In determining whether an order is void for purposes of section 473, subdivision (d), courts distinguish between orders that are void on the face of the record and orders that appear valid on the face of the record but are shown to be invalid through consideration of extrinsic evidence. 'This distinction may

6

be important in a particular case because it impacts the procedural mechanism available to attack the judgment [or order], when the judgment [or order] may be attacked, and how the party challenging the judgment [or order] proves that the judgment [or order] is void.' [Citation.] [¶] An order is considered void on its face only when the invalidity is apparent from an inspection of the judgment roll or court record without consideration of extrinsic evidence. . . . If the invalidity can be shown only through consideration of extrinsic evidence, such as declarations or testimony, the order is not void on its face." (*Pittman v. Beck Park Apartments Ltd.*, *supra*, 20 Cal.App.5th at pp. 1020-1021.) There is no time limit to bring a motion for relief from a judgment under section 473, subdivision (d), in the original action on the ground the judgment, though valid on its face, is void for lack of proper service. (*California Capital Ins. Co. v. Hoehn* (2024) 17 Cal.5th 207, 225.)

"What the judgment roll consists of differs depending on whether any defendant answered the complaint." (*OC Interior Services, LLC v. Nationstar Mortgage, LLC* (2017) 7 Cal.App.5th 1318, 1328, fn. 2.) "In case the complaint is not answered by any defendant," section 670 defines "judgment roll" as including "the summons, with the affidavit or proof of service; the complaint; the request for entry of default with a memorandum indorsed thereon that the default of the defendant in not answering was entered, and a copy of the judgment." (§ 670, subd. (a); see *Kremerman v. White* (2021) 71 Cal.App.5th 358, 370 [section 670, subdivision (a), lists what the judgment roll consists of "[w]hen a default judgment has been taken"]; *OC Interior Services*, at p. 1328, fn. 2 [the definition of "judgment roll" in section 670, subdivision (a), applies "[i]n default situations"].)

"When a defendant challenges the court's personal jurisdiction on the ground of improper service of process 'the burden is on the plaintiff to prove the existence of jurisdiction by proving, inter alia, the facts requisite to an effective service.'" (*Summers v. McClanahan* (2006) 140 Cal.App.4th 403, 413.) The filing of a proof of service by a registered process server creates a rebuttable presumption service was properly effected if the proof of service conforms to the statutory requirements. (Evid. Code, § 647; *Pacifica First National, Inc. v. Abekasis* (2020) 50 Cal.App.5th 654, 656; *Dalessandro v. Mitchell* (2019) 43 Cal.App.5th 1088, 1091, fn. 4; *Yolo County Dept. of Child Support Services v. Myers* (2016) 248 Cal.App.4th 42, 47-48, fn. 2; see *Rodriguez v. Cho* (2015) 236 Cal.App.4th 742, 750 [under Evidence Code section 647, "a registered process server's declaration of service establishes a presumption that the facts stated in the declaration are true"]; *Palm Property Investments, LLC v. Yadegar* (2011) 194 Cal.App.4th 1419, 1427, 1428 ["where service is carried out by a registered process server," the trial court must "apply the evidentiary presumption afforded by Evidence Code section 647"].) We review "de novo whether the judgment is void and, if it is, determine whether the trial court abused its discretion in deciding not to set it aside." (*W. Bradley Electric, Inc. v. Mitchell Engineering*, *supra*, 100 Cal.App.5th at p. 12; see *Nixon Peabody LLP v. Superior Court* (2014) 230 Cal.App.4th 818, 822 ["Evaluating an order or judgment as void is a question of law, reviewed de novo."].)

B.  *The Trial Court Did Not Err in Denying Jongju's Motion To Set Aside the Default Judgment*

A registered process server effected service on Jongju Na by serving an agent authorized to accept service, Sung Joo Na, while Sung Joo Na was in a car outside the business address of Leading Town in San Diego.  That was a valid method of service that conformed to the statutory requirements of service of process.  (See § 416.90 [summons may be served by delivering a copy of the summons and complaint "to a person authorized by him to receive service of process"]; *American Express Centurion Bank v. Zara* (2011) 199 Cal.App.4th 383, 389 ["A defendant may . . . be 'personally' served by delivering a copy of the summons and complaint to an agent authorized to accept service on behalf of that defendant."].)  Under Evidence Code section 647, we presume Jongju Na was properly served.

As Jongju Na correctly points out, an "extrajudicial statement of a person that he or she is the agent of another is not admissible to prove the fact of agency unless the statement is either made in the presence of or communicated to the principal and the principal acquiesces in that statement."  (*Dill v. Berquist Construction Co., supra*, 24 Cal.App.4th at p. 1437.)  And, as Jongju Na rightly states, Moon "has never claimed—and the record contains no evidence—that the alleged statement was made in Jongju's presence or communicated to him with his acquiescence.  In fact, the proof of service itself confirms that [Jongju Na] was not present when service was attempted, which is precisely why the server relied on Sung Joo Na's statement.  His absence at the scene precludes any argument that he adopted or confirmed the agent's claim."

9

There are several problems, however, with Jongju Na's argument. First, he never made it in the trial court. True, a party can argue a default judgment is void on its face any time, even for the first time on appeal. (*Grados v. Shiau* (2021) 63 Cal.App.5th 1042, 1050; *Calvert v. Al Binali* (2018) 29 Cal.App.5th 954, 962; *Manson, Iver & York v. Black* (2009) 176 Cal.App.4th 36, 42.) And Jongju Na argued in the trial court the judgment is void under section 473, subdivision (d). But he did not argue Sung Joo Na was not authorized to accept service on his behalf. (See *W. Bradley Electric, Inc. v. Mitchell Engineering, supra*, 100 Cal.App.5th at p. 12 ["an appellant cannot contend that the trial court erred by rejecting an argument the appellant had not raised in its briefing to that court" in an appeal from an order denying a motion under section 473, subdivision (d)]; see also *Cable Connection, Inc. v. DIRECTV, Inc.* (2008) 44 Cal.4th 1334, 1350, fn. 12 ["'[a] party is not permitted to change his position and adopt a new and different theory on appeal'" because to "'permit him to do so would not only be unfair to the trial court, but manifestly unjust to the opposing litigant'"].) Nor (though it would have been inadmissible extrinsic evidence under section 473, subdivision (d)) did Jongju Na state in his declaration Sung Joo Na was not authorized to accept service on his behalf. While Jongju Na complains "the trial court did not evaluate whether Sung Joo Na was legally authorized to accept service under section 416.90," that was because Jongju Na did not raise the issue.

Second, though an agent's statement of agency, without more, is insufficient to prove the agency (*Dill v. Berquist Construction Co., supra*, 24 Cal.App.4th 1426), there is no

10

evidence (nor, on a motion under section 473, subdivision (d), can there be) of what the process server, Moon, or Moon's attorney knew about the relationship between Song Joo Na and Jongju Na. Had Jongju Na filed a timely motion under section 473, subdivision (b), or section 473.5,[5] Moon in response to such a motion could have submitted a declaration from himself, his attorney, or the process service responding to any claim by Jongju Na that Song Joo Na was not authorized to accept service on his behalf. But because Jongju Na did not file his motion to set aside the default judgment until approximately four and a half years after the trial court had entered the judgment, he had to proceed under section 473, subdivision (d), which did not allow him (or Moon) to submit any declarations or other extrinsic evidence.[6]

---

[5] Nam and Sung Joo Na admitted they had actual notice of this case in January 2022. Jongju Na stated he learned of this case in January 2024. The deadline for filing a motion for relief under section 473, subdivision (b), is a reasonable time, not to exceed six months from the entry of default (here, six months from April 11, 2019). (*Backlund v. Stone* (2025) 115 Cal.App.5th 580, 596-597.) The deadline for seeking relief under section 473.5 is a reasonable time, not to exceed the earlier of six months after written notice of the default judgment on the defendant or two years from receiving actual notice. (*Luxury Asset Lending, LLC v. Philadelphia Television Network, Inc.* (2020) 56 Cal.App.5th 894, 908.)

[6] Which distinguishes this case from the one Jongju Na principally relies on, *Summers v. McClanahan*, *supra*, 140 Cal.App.4th 403, where this court held delivery to the defendant's personal manager was not proper service under

11

Third, section 416.90 authorizes the plaintiff to personally serve a defendant by delivering a copy of the summons and complaint to the defendant's agent. The proof of service of summons form adopted by the Judicial Council, Form POS-010, requires the process server, when serving a person other than the party being served, to specify the "name and relationship to the party named" as the person being served. Had the process server here written "Sung Joo Na" and "authorized," there would be nothing on the face of the proof of service suggesting the authorization to accept service was based, in whole or in part, on a statement by the agent. It would be anomalous to find the

section 416.90. (*Summers*, at p. 411.) The court in *Summers* cited extrinsic evidence, including testimony by the manager that, though she "'immediately' forwarded the documents" she received to the defendant's attorney, "she had 'never been authorized by [the defendant] to accept service of process on her behalf' and had never 'represented to anyone, either expressly or impliedly, that [she had] authority to accept service of process on her behalf.'" (*Id.* at pp. 406, 414.) In reversing an order denying the defendant's motion to set aside the default judgment filed six days after entry of the judgment (*id.* at p. 406), the court in *Summers* stated that the plaintiff did not dispute the manager's testimony and that the record was "devoid of any evidence" the defendant and her manager "had a close business or personal relationship, which would make it highly likely [the manager] would inform [the defendant] she was being sued by" the plaintiff. (*Id.* at pp. 415-416.) Putting aside that neither Jongju Na nor Sung Joo Na ever denied the latter's authority to accept service on behalf of the former, this is precisely the kind of extrinsic evidence the court cannot consider on a motion to set aside a default judgment under section 473, subdivision (d).

proof of service defective for including more information than the form requires.

Jongju Na also focuses on the language "as part of Leading Town" that appears after the language "he stated he was authorized to receive service for Jongju Na." Jongju Na argues that the "qualifying phrase—'as part of Leading Town'—to the extent it has any legal meaning, is legally insufficient to support a finding of actual appointment under [section] 416.90" and that the "phrasing implies a flawed theory: that because Jongju was allegedly 'part of' Leading Town, by law he could be served through the company's designated agent. . . ." The "as part of" language in the proof of service is ambiguous: It could mean Sung Joo Na was saying he was authorized to accept service on behalf of Jongju Na because both men were associated with the same company. Or it could mean Sung Joo Na was trying to say he was authorized to accept service on behalf of the company of which Jongju Na was a part. But resolving that ambiguity would require extrinsic evidence (see *Burch v. Premier Homes, LLC* (2011) 199 Cal.App.4th 730, 743; *Steller v. Sears, Roebuck & Co.* (2010) 189 Cal.App.4th 175, 183), which on a motion to vacate under section 473, subdivision (d), is not admissible. In the absence of such evidence, the presumption of valid service prevails.

Jongju Na is not without a potential remedy. A "judgment or order valid on its face but claimed to be void based on extrinsic evidence may be attacked in an independent equitable action without time limits." (*California Capital Ins. Co. v. Hoehn*, *supra*, 17 Cal.5th at p. 215.) "A suit in equity instituted for the purpose of vacating a judgment is a *direct* attack" on the judgment (*Bennett v. Hibernia Bank* (1956) 47 Cal.2d 540, 558;

13

see *Engebretson & Co. v. Harrison* (1981) 125 Cal.App.3d 436, 440), and in such an action "[e]xtrinsic evidence, i.e., evidence outside the judgment roll, may be presented . . . ." (*OC Interior Services, LLC v. Nationstar Mortgage, LLC*, *supra*, 7 Cal.App.5th at p. 1328; see *Strathvale Holdings v. E.B.H.* (2005) 126 Cal.App.4th 1241, 1249 ["'[O]n direct attack, lack of jurisdiction may be shown by extrinsic evidence, i.e., evidence outside the judgment roll.'"].)

C. *The Trial Court Did Not Err in Denying the Motion by Nam and Sung Joo Na To Set Aside the Default Judgment*

Nam and Sung Joo Na argue in their separate opening brief the trial court erred in denying their motion to set aside the default judgment, but they do not discuss section 473, subdivision (d), Evidence Code section 647, service of the summons and complaint, agency, or any issues relating to the motion. Instead, they argue the merits of their position Moon never paid them $100,000. They maintain that the default judgment should be reversed "regardless of the procedural issues of proofs of service of the complaints" and that their attorney in the trial court "distract[ed] and interfer[ed] with the proper attention of the trial court" by filing a motion that "consisted of about 90% for the procedural issues of proofs of service of the complaints and about 5-10% only for the substantive facts," a mistake they claim to correct on appeal by focusing 95 percent on the "substantive facts" and 5 percent on "the procedural issues of proofs of service." The merits of Moon's claims, which again depend on extrinsic evidence, are not relevant to this appeal. (See *Rios v. Singh* (2021) 65 Cal.App.5th 871, 887 ["entry of

14

default bars [the appellant] from advancing contentions on the merits"]; *Steven M. Garber & Associates v. Eskandarian* (2007) 150 Cal.App.4th 813, 824 ["appellants' efforts to argue the merits of their case are barred substantively by the default judgment, which operates as an admission of the allegations of the complaint, and are also barred procedurally by the entry of a default"]; see also *OC Interior Services, LLC v. Nationstar Mortgage, LLC*, *supra*, 7 Cal.App.5th 1318 at p. 1327 [party challenging a judgment as void on its face may not rely on extrinsic evidence].)

## DISPOSITION

The order denying the motion by Kyonga Nam, Sung Joo Na, and Jongju Na to vacate the default judgment is affirmed. Moon is to recover his costs on appeal.

SEGAL, Acting P. J.

We concur:

FEUER, J.

STONE, J.

15