Filed 9/2/25  Zhang v. Liou CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| CHINAN ZHANG et al.,<br><br>  Plaintiffs and Respondents,<br><br>  v.<br><br>BETHANY LIOU et al.,<br><br>  Defendants and Appellants. | H051183<br>(Santa Clara County<br> Super. Ct. No. 22CV395989) |

Plaintiffs Chinan Zhang, Sisi Xu and Lihong Chen obtained a default judgment against defendants Bethany Liou, Golden California Regional Center, LLC, GCRC Diamond Creek LP and Monterey Dynasty, LLC.   Defendants have appealed the order denying their motion to set aside the default judgment as void on the grounds that substituted service was improperly effected and because the complaint does not demand a specific damages amount.  (Code Civ. Proc., §§ 473, subd. (d); 580, subd. (a); undesignated statutory citations are to this code.)  For the reasons discussed here, we find no error in the trial court's order denying defendants' motion to set aside the default judgment as void.  However, we will vacate the prejudgment interest award and remand the matter for the trial court to recalculate prejudgment interest consistent with this opinion.

## I.   BACKGROUND

According to the complaint, each plaintiff is a Chinese national who invested $500,000 with Liou and her company Golden California Regional Center to become

limited partners in GCRC Diamond Creek, a limited partnership controlled by Liou through Golden California Regional Center.[1]  Liou is also the sole manager of defendant Monterey Dynasty LLC, a real estate development company.  Plaintiffs made their investments under a United States government-sponsored immigrant investor program in order to become lawful permanent residents.

Broadly speaking, the complaint alleges Liou and Golden California Regional Center misappropriated plaintiffs' investments by having GCRC Diamond Creek make an unsecured loan to Monterey Dynasty.  In addition, plaintiffs allege defendants failed to disclose that Monterey Dynasty was a defendant in numerous lawsuits during the loan term and concealed that Liou's and Golden California Regional Center's authorization to participate in the immigration investment program was revoked after the Securities and Exchange Commission made findings of fraud and securities violations against them.[2]

## A. SERVICE OF PROCESS

Plaintiffs filed proofs of service on each defendant by substituted service at 228 Hamilton Avenue in Palo Alto.  The California Secretary of State's website lists Liou as the agent for service of process at the Hamilton Avenue address for Golden California Regional Center and GCRC Diamond Creek.  The GCRC Diamond Creek limited partnership agreement also lists Liou as its agent for service of process at the Hamilton Avenue address and provides the same address for Golden California Regional Center. The Secretary of State's website lists Liou as Monterey Dynasty's agent for service of process at 21701 Stevens Creek Blvd., Suite 2610 in Cupertino.  However, there is no

---

[1]  According to plaintiffs, GCRC Diamond Creek is named in the complaint as a "nominal defendant" and is not a party to the appeal.

[2]  We deny plaintiffs' request for judicial notice of documents regarding Golden California Regional Center's termination from the immigrant investor program, as they are not relevant to our analysis or necessary to our conclusions.  (See *Mangini v. R.J. Reynolds Tobacco Co.* (1994) 7 Cal.4th 1057, 1063; *City of Grass Valley v. Cohen* (2017) 17 Cal.App.5th 567, 594, fn. 13.)

"Suite 2610" at that address because it is a United States Post Office. Other Diamond Creek entities also list Liou as their agent for service of process at that address without indicating the address is actually a post office box.

The proofs of service were signed by Luis Mendez, a California registered process server. Mendez served Liou in her individual capacity and as the agent for service of process for Golden California Regional Center by substituted service, leaving the summons and complaint with Kimberly Rogers, a community office receptionist, at the Hamilton Avenue address on April 22, 2022. The proof of service included a declaration of due diligence by Mendez stating that he had unsuccessfully attempted service on Liou at the Hamilton Avenue address on April 20 and April 21, but she was not there. Mendez also served GCRC Diamond Creek by substituted service on April 1, 2022 and Monterey Dynasty by substituted service on April 21, 2022, in each instance leaving the summons and complaint with Kimberly Rogers at the Hamilton Avenue address. Juan Cruz signed proofs of service by mail attesting that he mailed copies of the summons and complaint to each defendant.

## B. THE DEFAULT JUDGMENT AND MOTION TO VACATE

Plaintiffs requested entry of default in June 2022. The trial court granted plaintiffs' motion and set a December 2022 date for the default prove up hearing.

After the prove up hearing, the trial court found defendants were given insufficient notice regarding the amount of their exposure for plaintiffs' tort claims and punitive damages request, but found in plaintiffs' favor as to breach of contract in the amount of $550,000 each, plus prejudgment interest of $422,218.50 and attorney fees. The trial court ultimately granted default judgment for each plaintiff in the lesser amount of $500,000 in contract damages, with an additional $20,000 in prejudgment interest ($442,218.50).

Defendants moved for relief from default and the default judgment. (§§ 473, subd. (b), 473, subd. (d), 473.5 and 580, subd. (a).) As relevant here, defendants

asserted the default judgment was void under section 473, subdivision (d) for lack of proper service and under section 580, subdivision (a) because the complaint did not demand a specific amount of damages.

Liou asserted the Hamilton Avenue address was merely Golden California Regional Center's mailing address, not the principal place of business of any defendant. She contended 1907 Concourse Drive in San Jose is the proper address for all defendants, but also stated that no one has worked at that location since the COVID-19 pandemic. She also explained that during the period when the complaint was served, she was not living at her Bay Area residence but rather in Pebble Beach, and therefore defendants did not receive actual notice until after their defaults were entered.

In response, plaintiffs submitted screenshots from the Secretary of State's website listing the Hamilton Avenue address as both mailing and principal address for Golden California Regional Center and GCRC Diamond Creek. Plaintiffs submitted another screenshot listing 21701 Stevens Creek Blvd. Suite 2610 in Cupertino as Monterey Dynasty's principal and mailing address, despite that address being a United States Post Office with no such "suites," only post office boxes.[3] Plaintiffs contended Liou had intentionally attempted to evade service by knowingly filing multiple corporate Statements of Information (including for Monterey Dynasty and four other "Diamond Creek" entities that are not parties in this case) in which the principal and mailing addresses for service of process listed the Stevens Creek address and suite 2610, #2610 or just 2610, but never as a post office box.

---

[3] Section 415.20, subdivision (b) authorizes substituted service by leaving a copy of the summons and complaint a party's "usual place of business" in the presence of "a person apparently in charge of his or her office, [or] place of business, … at least 18 years of age," but substituted service under section 415.20 may not be effected at a United States Postal Service post office box. (*Rios v. Singh* (2021) 65 Cal.App.5th 871, 881.)

4

After a hearing, the trial court denied defendants' motion by written order. The court found substituted service on defendant Liou was proper after good faith efforts were made to serve her personally, and that it was accomplished in a manner most likely to reach her at the Hamilton Avenue address. The trial court also ruled that service on defendants Golden California Regional Center and GCRC Diamond Creek at the Hamilton Avenue address—as listed on their Secretary of State filings—was accomplished in a manner most likely to reach each company. The trial court found that service was not possible on Monterey Dynasty, as its principal and mailing address were improperly listed as a post office box disguised as a street address on the Secretary of State record. The court found that the address that was most likely to reach Monterey Dynasty was also the Hamilton Avenue address.

The court declined to exercise its discretion under section 473, subdivision (b) to vacate the default and default judgment, finding that "Liou deliberately evaded service and provided intentionally false information to the Secretary of State, particularly in listing of the U.S. Post Office in Cupertino as the 'street address' of her businesses and for the agent for service of process for these companies, which is improper." The court found "[t]he fact that Liou repeatedly wrote 'Suite' instead of 'P.O. Box' in connection with each iteration of the supposed street address reflects a knowing deception on her part, rather than an inadvertent error."[4]

## II.    DISCUSSION

### A. SUBSTITUTED SERVICE WAS PROPERLY EFFECTED

Based on the substituted service, defendants contend the default judgment is void for lack of personal jurisdiction over them. A party may move to set aside a void judgment under section 473, subdivision (d). "A default judgment is void if the trial court lacked jurisdiction over the parties." (*Falahati v. Kondo* (2005)

_____

[4] Defendants do not appeal from the trial court's denial of discretionary relief under sections 473, subdivision (b) or 473.5.

5

127 Cal.App.4th 823, 830 (*Falahati*).)  A default judgment entered against a defendant who was not served in the manner prescribed by statute is void.  (*Dill v. Berquist Construction Co.* (1994) 24 Cal.App.4th 1426, 1444.)  "Under section 473, subdivision (d), the court may set aside a default judgment which is valid on its face, but void, as a matter of law, due to improper service."  (*Ellard v. Conway* (2001) 94 Cal.App.4th 540, 544.)  When, as here, the trial court considers disputed evidence related to whether service was proper, our review is for abuse of discretion.  (*Ramos v. Homeward Residential, Inc.* (2014) 223 Cal.App.4th 1434, 1440–1441.)  Under that standard, we defer to factual findings on disputed evidence so long as those findings are supported by substantial evidence.

"If a copy of the summons and complaint cannot with reasonable diligence be personally delivered to the person to be served ... , a summons may be served by leaving a copy of the summons and complaint at the person's dwelling house ... in the presence of a competent member of the household or a person apparently in charge of his or her office, place of business, or usual mailing address ... who shall be informed of the contents thereof, and by thereafter mailing a copy of the summons and of the complaint by first-class mail, postage prepaid to the person to be served at the place where a copy of the summons and complaint were left."  (§ 415.20, subd. (b).)

The trial court found defendants were properly served the summons and complaint by substituted service.  That finding is supported by the process server's proof of service and declaration of diligence, as well as by the evidence submitted on the motion to vacate the default judgment.  Before effecting substituted service, the process server twice attempted to serve Liou at the Hamilton Avenue address.  The California Secretary of State's website listed Liou as GCRC Diamond Creek's and Golden California Regional Center's agent for service of process at the Hamilton Avenue address.  Liou was listed as Monterey Dynasty's agent for service of process, but at an address—a post office box— where service could not be effected.

On April 21, 2022, the process server served Monterey Dynasty by substituted service by delivering the documents to Kimberly Rogers, the community office receptionist, at the Hamilton Avenue address. The next day, the process server served Liou and Golden California Regional Center by substituted service by delivering the documents to Rogers at the same address. As a receptionist who was serving co-located businesses sharing a common reception area, Rogers was a person in charge of the defendants' businesses for purposes of section 415.20 compliance. (See *Ludka v. Memory Magnetics International* (1972) 25 Cal.App.3d 316, 321.) After serving Rogers, the documents were mailed to all defendants at the Hamilton Avenue address listed as the principal and mailing address for both Golden California Regional Center and GCRC Diamond Creek on the Secretary of State's website, of which the trial court took judicial notice. The court found that the Hamilton Avenue address was also the address most likely to reach Monterey Dynasty because service was not possible at its alleged principal and mailing address as they were a "P.O. Box disguised as a street address" as listed on its Secretary of State record. Substantial evidence therefore supports the trial court's decision that substituted service was properly effected, and there was no abuse of discretion.

## B. DEFENDANTS' ARGUMENTS REGARDING SERVICE OF PROCESS ARE UNAVAILING

### 1. The Trial Court Was Not Required To Credit Liou's Assertion Regarding The Concourse Drive Address

We reject defendants argument that plaintiffs failed to effect valid substituted service because "uncontradicted" evidence—i.e., Liou's affidavit submitted in support of defendants' motion to vacate the default judgment—established that the Concourse Drive address was defendants' principal and mailing address. In finding that substituted service was proper, the trial court credited plaintiffs' competing evidence showing that the Hamilton Avenue address was Golden California Regional Center's and GCRC Diamond

7

Creek's principal address and that Monterey Dynasty could not be served at the post office address listed on the Secretary of State's website. We do not reweigh the evidence on appeal. (*Kim v. TWA Construction, Inc.* (2022) 78 Cal.App.5th 808, 837.)

We are not persuaded by defendants' assertion that the trial court improperly took judicial notice of screenshots from the California Secretary of State's website listing Liou as Golden California Regional Center's and GCRC Diamond Creek's agent for service of process at the Hamilton Avenue address. "A court's ruling on a motion for judicial notice is typically reviewed for abuse of discretion." (*Vo v. Technology Credit Union* (2025) 108 Cal.App.5th 632, 639.) We see no abuse of discretion here in taking judicial notice of screenshots from a government website containing publicly available information that is "not reasonably subject to dispute." (Evid. Code, § 452, subd. (h).) (See, e.g., *People v. Miami Nation Enterprises*, 2 Cal.5th 222, 231 [taking judicial notice of screenshots from United States Patent and Trademark Office's website].)

Because the trial court properly took judicial notice of this information, defendants are incorrect in asserting that Liou's claim regarding the Concourse Drive address was uncontradicted. Given the conflicting evidence regarding defendants' principal address, the trial court was not required to credit defendants' account. (See *Yolo County Dept. of Child Support Services v. Myers* (2016) 248 Cal.App.4th 42, 49 [deferring to credibility determinations in evaluating whether process was served].) Even without explicit credibility determinations, "[w]e may not reweigh the trial court's implicit credibility determination." (*Christian Research Institute v. Alnor* (2008) 165 Cal.App.4th 1315, 1318–1319.)

Nor are we persuaded by defendants' argument that the trial court improperly treated all defendants as alter egos for the purpose of determining that substituted service was properly effected at the Hamilton Avenue address. In general, a defendant's default admits the truth of the allegations in a plaintiff's complaint. (*Steven M. Garber & Associates v. Eskandarian* (2007) 150 Cal.App.4th 813, 823.) Issues of proof and

sufficiency of the evidence cannot be reviewed on an appeal from a default judgment as to matters admitted by the defendant because of its default (*Kim v. Westmoore Partners, Inc.* (2011) 201 Cal.App.4th 267, 288; *Sporn v. Home Depot USA, Inc.* (2005) 126 Cal.App.4th 1294, 1303), nor from an order denying a motion to set aside a default judgment. (See *First American Title Ins. Co. v. Banerjee* (2022) 87 Cal.App.5th 37, 45–46. (*First American*).)

Here, the complaint alleges that Liou controlled, dominated and operated the defendant entities as her personal businesses and as her alter ego without adhering to laws, agreements and obligations. Plaintiffs allege that a unity of interest and ownership existed among Liou and the defendant entities, and that recognizing the separate existence of the three companies would permit corporate abuse, promote an injustice and prevent plaintiffs and creditors from accessing truthful information, books and records to help satisfy a judgment entered against Liou and/or the defendant entities. Plaintiffs further allege Liou wrongfully commingled funds of the defendant entities to perpetrate fraud, circumvented statutory law, and engaged in wrongdoing for her personal benefit. They allege Liou used the defendant entities as mere shells for personal benefit; used the same legal counsel; and failed to keep funds and assets of various business entities separate from other entities and separate from Liou's personal accounts, resulting in inadequate capitalization of the defendant entities. These allegations are sufficient to support alter ego liability. (See *Rutherford Holdings, LLC v. Plaza Del Rey* (2014) 223 Cal.App.4th 221, 235–236.)

### 2. Defendants Forfeited The Argument That Proofs Of Service Were Improperly Completed

An appellant forfeits an argument for appeal by failing to raise it in the trial court. (*People v. Financial Casualty & Surety, Inc.* (2021) 64 Cal.App.5th 405, 416; see *Sea & Sage Audubon Society, Inc. v. Planning Com.* (1983) 34 Cal.3d 412, 417.) The failure deprives the trial court and the respondent "of notice of any need to develop the record

9

with evidence bearing on" the issue. (*People v. Financial Casualty & Surety, Inc.*, at p. 416.)

Defendants assert that the proof of service for Monterey Dynasty was not properly completed because the "Notice to person served" did not cite a specific code section but rather cited "Limited Liability Company." Defendants similarly assert that the proof of service for Liou was defective because it purports to show substituted service, but the "person served" and recipient of substituted service are the same—i.e., Kimberly Rogers—who is not a party. Defendants did not raise this issue in the trial court.

Even if this issue had been preserved for appeal, we would reject it. An error in checking (or not checking) a box on the proof of service is a minor deficiency. As "minor, harmless deficiencies will not be allowed to defeat service" (*Bein v. Brechtel– Jochim Group, Inc.* (1992) 6 Cal.App.4th 1387, 1394; see *Trackman v. Kenney* (2010) 187 Cal.App.4th 175, 184, disapproved on another ground in *California Capital Ins. Co. v. Hoehn* (2024) 17 Cal.5th 207, 226), we would conclude the asserted error on the proofs of service does not void service.

### 3. No Error In Finding Proper Substitute Service

We are similarly unconvinced by defendants' arguments that two earlier attempts to serve Liou at the Hamilton Avenue address were insufficient, and there was no sincere attempt to serve Liou at her residential address. "Two or three attempts to personally serve a defendant at a proper place ordinarily qualifies as ' "reasonable diligence." ' " (*American Express Centurion Bank v. Zara* (2011) 199 Cal.App.4th 383, 389.) That plaintiffs did not attempt personal service at Liou's home address is irrelevant. The Code of Civil Procedure does not require attempted service at a residence. The statutory scheme provides several options to effect service of process—it does not single out or give preference to any one location over others for service.

Defendants assert the trial court incorrectly upheld substitute service under the doctrine of substantial compliance. But plaintiffs did not rely on the doctrine of

10

substantial compliance to oppose defendants' challenge to service of process, and the trial court's order does not involve substantial compliance. Indeed, the court specifically found the requirements of section 415.20, subdivision (b) were satisfied: "Substitute service on defendant Liou was proper after a good faith effort was made to serve her personally. In addition, substitute service was accomplished in a manner that was most likely to reach her[.] … Service on defendants Golden California Regional Center LLC, GCRC Diamond Creek LP, and Monterey Dynasty, LLC was also accomplished in a manner most likely to reach them." Under the doctrine of implied findings we infer the trial court made all factual findings necessary to support its order. (*Fladeboe v. American Isuzu Motors Inc.* (2007) 150 Cal.App.4th 42, 58–60.)

### C. COMPLIANCE WITH CODE OF CIVIL PROCEDURE SECTION 580

Defendants argue the default judgment is void under section 580 because the complaint does not demand a specific dollar amount. Section 580, subdivision (a) provides, in relevant part, that "[t]he relief granted to the plaintiff, if there is no answer, cannot exceed that demanded in the complaint." (§ 580, subd. (a).) This notice requirement is designed to insure fundamental fairness: "[D]ue process requires notice to defendants, whether they default by inaction or by willful obstruction, of the potential consequences of a refusal to pursue their defense. Such notice enables a defendant to exercise his right to choose—at any point before trial, even after discovery has begun— between (1) giving up his right to defend in exchange for the certainty that he cannot be held liable for more than a known amount, and (2) exercising his right to defend at the cost of exposing himself to greater liability." (*Greenup v. Rodman* (1986) 42 Cal.3d 822, 829 (*Greenup*.) Accordingly, "a default judgment entered in violation of section 580 is void and must be vacated." (*Dhawan v. Biring* (2015) 241 Cal.App.4th 963, 975.) Whether a default judgment violates section 580 is a question of law that we review de novo. (*Id.* at p. 968.)

11

Although the amount of a default judgment cannot exceed the damages pled in the complaint, the damages need not be specified in the prayer for relief. A defendant may "be notified by the prayer or allegations in the body of the complaint of the damages sought." (*National Diversified Services, Inc. v. Bernstein* (1985) 168 Cal.App.3d 410, 417–418; see also *Greenup*, *supra*, 42 Cal.3d at pp. 829–830 ["the allegations of a complaint may cure a defective prayer for damages"]; *People ex rel. Lockyer v. Brar* (2005) 134 Cal.App.4th 659, 668.)

The complaint alleges each plaintiff invested $500,000 to become a limited partner in GCRC Diamond Creek. As we have discussed, the complaint sufficiently alleges that Golden California Regional Center, GCRC Diamond Creek and Monterey Dynasty are Liou's alter egos. The breach of contract cause of action alleges Liou and California Golden Regional Center caused GCRC Diamond Creek to make an improper uncollateralized loan to Monterey Dynasty, attempted to unilaterally amend the limited partnership agreement to evade liability for that imprudent loan, ignored plaintiffs' demands for an accounting and inspection of Diamond Creek's books and records, and that "as a direct and proximate cause of Defendant Liou and Defendant [Golden California Regional Center's] breach, Plaintiffs suffered financial losses because they have lost their investments." The body of the complaint states the damages suffered by each plaintiff from defendants' alleged breach—$500,000—and plaintiffs were not required to restate the amount in order to comply with section 580. (*Hearn v. Howard* (2009) 177 Cal.App.4th 1193, 1209.)

We reject defendants' argument that the complaint violates section 580 in that plaintiffs effectively obtained rescission despite the complaint not explicitly seeking that remedy. For purposes of section 580, it is irrelevant whether the contract remedy is characterized as restitution (the remedy for rescission) or contract damages. Restitution "may be awarded in lieu of breach of contract damages when the parties had an express contract, but it was procured by fraud or is unenforceable or ineffective for some reason."

12

(*McBride v. Boughton* (2004) 123 Cal.App.4th 379, 388.)  Section 580's primary purpose is to provide notice of the potential liability for a specific amount of damages, not to provide notice of a particular remedy under which that amount would be awarded.  (See *Becker v. S.P.V. Construction Co.* (1980) 27 Cal.3d 489, 493–494 (*Becker*); *Electronic Funds Solutions, LLC v. Murphy* (2005) 134 Cal.App.4th 1161, 1174 (*Electronic Funds Solutions*) ["The purpose of section 580 is to require the plaintiff to provide notice of the *maximum* amount of the defendant's potential liability"].)

None of the cases defendants cite—*Becker*; *Finney v. Gomez* (2003) 111 Cal.App.4th 527, 536; *In re Marriage of Lippel* (1990) 51 Cal.3d 1160, 1166; or *Stein v. York* (2010) 181 Cal.App.4th 320, 326—holds that failure to distinguish between possible contract remedies violates section 580.  In *Becker*, the court rejected an argument that "the prayer for compensatory damages 'in excess of $20,000' was sufficient under section 580 to provide adequate notice of defendants' potential liability for $26,457.50" and ruled that "a prayer for damages according to proof passes muster under section 580 only if a specific amount of damages is alleged in the body of the complaint." (*Becker*, *supra*, 27 Cal.3d at pp. 493, 494.)  As we have discussed, the complaint here satisfies that test.  *Lippel* involved an order for child support in a default judgment where the petitioner had not requested support in a marital dissolution action, depriving the other party of notice that support could be awarded.  (*Lippel*, at pp. 1165, 1167.)  In *Finney*, the appellate court ruled section 580's notice requirement applied to a partition action brought in order to divide a tenancy in common where the plaintiff requested reimbursement for "50 percent of all the expenses incurred for the common benefit" but did not specifically ask for an accounting.  (*Finney*, at p. 538.)  And *Stein* was an attorney malpractice action in which the complaint did not specify any damages. (*Stein*, at p. 327.)

However, we conclude the complaint does not comply with section 580 with respect to plaintiffs' recovery of the $50,000 administrative fee, which plaintiffs do not

13

claim was intended to be an investment or otherwise recoverable under the contract except in specific circumstances not alleged in the complaint. Although the judgment awards $500,000 in contract damages to each plaintiff, the judgment's prejudgment interest award of $442,218.50 is $20,000 *greater* than the amount plaintiffs requested for prejudgment interest based on a higher recovery of $550,000 (which included the administrative fee). It is unclear how the higher interest amount was calculated relative to the ultimate $500,000 damages award. In any event the administrative fee should not have been included in the prejudgment interest calculation. Accordingly, we will remand with instructions to recalculate prejudgment interest on the $500,000 contract damages award.

We will also instruct the trial court to determine the correct date from which prejudgment interest should be awarded (i.e., the date of the unsecured loan to Monterey Dynasty), which we cannot determine without the relevant loan documents that are not found in the appellate record. We observe that plaintiffs sought and were awarded prejudgment interest from April 2015. But the evidence plaintiffs submitted in support of the default judgment indicates plaintiffs did not sign the agreements or make payments to defendants until September 2016 at the earliest. For example, plaintiff Chinan Zhang's declaration in support of the default judgment states she did not sign the Limited Partnership Agreement until October 26, 2016, and the exhibits attached to her declaration show wire transfers on October 20, 2016. Similarly, plaintiff Xu Sisi does not appear to have signed the Subscription Agreement and Limited Partnership Agreement until October 12, 2016 or have made payment until October 28, 2016. And plaintiff Lihong Chen submitted as evidence of her payment to defendants a wire transfer request form dated September 2, 2016 and she did not sign the Limited Partnership Agreement until October 2, 2016.

## D. DEFENDANTS CANNOT ATTACK THE COMPLAINT FOR FAILURE TO STATE A CAUSE OF ACTION

Defendants argue the complaint violates section 580 because it fails to allege Monterey Dynasty is liable for breach of contract or that defendants' breach caused plaintiffs' damages. Those arguments do not implicate section 580, but rather attack the complaint as not stating a cause of action. Similarly, defendants' contention that the default judgment is void because the trial court entered judgment on a "de facto amendment" of the complaint by awarding rescission also amounts to a failure to state a cause of action. (*Ostling v. Loring* (1994) 27 Cal.App.4th 1731, 1744 (*Ostling*) [rejecting characterization of a "de facto amendment of the complaint" in *Jackson v. Bank of America* (1986) 188 Cal.App.3d 375]; *Electronic Funds Solutions*, *supra*, 134 Cal.App.4th at p. 1182.)

Because defendants did not directly appeal the default judgment—only the order denying their motion to set aside the judgment as void under section 473, subdivision (d)—they cannot attack the complaint as not stating a cause of action. (*First American,* 87 Cal.App.5th at pp. 44–45 [where appeal not taken from the default judgment, review is limited to the finding that the default judgment was not void]; see also *Ostling*, *supra*, 27 Cal.App.4th at p. 1745; *Electronic Funds Solutions*, *supra*, 134 Cal.App.4th at p. 1182.) The judgment is only void if the complaint does not apprise defendants of the nature of plaintiffs' demand, which is a legal question for our independent review. (*First American,* at p. 44.) As we have discussed, the complaint alleges that California Golden Regional Center, GCRC Diamond Creek and Monterey Dynasty are Liou's alter egos; that plaintiffs each invested $500,000 to become limited partners in GCRC Diamond Creek; that Liou and California Golden Regional Center breached the contract with plaintiffs by causing GCRC Diamond Creek to make an improper uncollateralized loan to Monterey Dynasty; and "that as a direct and proximate cause of Defendant Liou and Defendant [Golden California Regional Center's] breach,

15

Plaintiffs suffered financial losses because they have lost their investments." We conclude those allegations sufficiently apprised defendants of the nature of plaintiffs' demand.[5]

### III.    DISPOSITION

The award of prejudgment interest is vacated, and the judgment is affirmed in all other respects. On remand, the trial court shall specify a precise date on which breach of the agreement occurred, recalculate prejudgment interest based on that date, and enter an amended judgment accordingly. As the prevailing parties, plaintiffs are entitled to their costs on appeal. (California Rules of Court, rule 8.278(a)(1).)

---

[5] Defendants asserted for the first time at oral argument that the judgment effectively awarded plaintiffs a double recovery: i.e., return of their capital investments and legal U.S. resident status. We deem the argument untimely and therefore forfeited. (*Kinney v. Vaccari* (1980) 27 Cal.3d 348, 356, fn. 6 ["An appellate court is not required to consider any point made for the first time at oral argument."].)

We nonetheless observe that plaintiffs did not obtain legal U.S. resident status under the contracts and will not "recover" such status by the judgment. The contracts at issue cannot and do not purport to grant plaintiffs legal U.S. resident status. The GCRC Diamond Creek Subscription Agreement states plaintiffs' "immigration status is not guaranteed by the Partnership or any other entity, and is wholly reliant on a determination by [the United States Customs and Immigration Services]." Rather, plaintiffs' capital investments merely permitted them to petition the United States Customs and Immigration Services to prove their eligibility to obtain status as a legal U.S. residents. (See *Tingzi Wang v. United States Citizenship and Immigration Services* (2019) 375 F.Supp.3d 22, 26-27 (*Wang*).) Although the United States Customs and Immigration Services approved plaintiffs' I-526 petitions in late 2017 and early 2018, that merely granted plaintiffs conditional immigrant visas, not permanent legal U.S. resident status. (See *Wang*, at p. 26.) The record does not show whether any plaintiff was eventually granted legal U.S. resident status. Ultimately, plaintiffs' immigration status was (or will be) a determination for federal authorities, not a contractual benefit obtained or recovered from defendants.

_____

Grover, Acting P. J.

**WE CONCUR:**

_____

Lie, J.

_____

Rodriguez, J.*

H051183
*Zhang et al. v. Liou et al.*

_____

*Judge of the San Diego County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.